1
BUCHALTER NEMER
A Professional Corporation
2
KALLEY R. AMAN (SBN: 217337)
SARAH A. SYED (SBN: 253534)
3
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
4
Telephone: (213) 891-0700
Fax: (213) 896-0400
5
Email: kaman@buchalter.com
6
Attorneys for Defendants
ROCKHARD LABORATORIES, LLC AND
7
ROCKHARD LABORATORIES HOLDINGS, LLC

8
## UNITED STATES DISTRICT COURT
9
## CENTRAL DISTRICT OF CALIFORNIA
10

11
KENNY DORSEY, individually and on
behalf of all others similarly situated and
12
the general public,

13
             Plaintiff,

14
      vs.

15
ROCKHARD LABORATORIES, LLC, a
Georgia Limited Liability Company; et
16
al.,

17
             Defendants.

18

19

20

21

22

23

24

25

26

27

28

Case No. 2-13-cv-07557-DDP (RZx)

**DEFENDANTS ROCKHARD
LABORATORIES, LLC AND
ROCKHARD LABORATORIES
HOLDINGS, LLC'S NOTICE OF
MOTION AND MOTION TO
DISMISS, MOTION TO STRIKE
AND MOTION FOR MORE
DEFINITE STATEMENT;
MEMORANDUM OF POINTS AND
AUTHORITIES**

**Fed. R. Civ. Proc. 12(b)(1)
Fed. R. Civ. Proc. 12(b)(6)
Fed. R. Civ. Proc. 12(f)
Fed. R. Civ. Proc. 12(e)**

**[Proposed Order and Declaration of
Sarah A. Syed concurrently filed]**

Hearing Date: September 8, 2014
Time:          10:00 am
Courtroom:     3

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

**ROCKHARD DEFENDANTS' NOTICE OF MOTION AND MOTION TO
DISMISS/STRIKE/FOR MORE DEFINITIVE STATEMENT**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on September 8, 2014 at 10:00 am, or as soon thereafter as the matter may be heard before the Hon. Judge Dean D. Pregerson in Courtroom 3 of the above-entitled Court located at 312 N. Spring Street, Los Angeles, CA 90012, Defendants Rockhard Laboratories, LLC and Rockhard Laboratories Holdings, LLC will and hereby do move to dismiss the Second Amended Complaint ("SAC") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") on the grounds the following grounds:

1.      Plaintiff, having failed to allege reliance or that he suffered an injury in fact, lacks standing to bring this lawsuit.

2.      Plaintiff lacks standing to sue for products, admittedly containing different formulas, that he did not purchase.

3.      Many of the statements upon which Plaintiff allegedly relied constitute non-actionable puffery.

4.      Neither Plaintiff nor a reasonable consumer could be deceived by the "all natural" labeling representation.

5.      Plaintiff cannot bring claims based on "lack of substantiation."

6.      The Rockhard Weekend product is a dietary supplement, not a drug, and not subject to 21 C.F.R. 310.528.

7.      The SAC fails to comply with FRCP 9.

8.      Plaintiff's warranty claims fail because he failed to give reasonable notice and none of the labels refer to a defect.

Defendants will and hereby further move to strike, pursuant to FRCP 12(f), those allegations regarding products that Plaintiff did not purchase, statements that constitute non-actionable puffery, the "all natural" labeling representation by which no reasonable consumer could be deceived, any statements that upon which

1   Plaintiff claims lack of substantiation and Plaintiff's allegations that the Rockhard

2   Weekend product is an unlawful aphrodisiac.

3       Defendants will and hereby further move for a more definite statement,

4   pursuant to FRCP 12(e), on the grounds that Plaintiff's class definition is

5   unsupported by the law and  is vague and ambiguous preventing Defendants from

6   reasonably responding to such allegation.

7       The Motion is based on this Notice, the Memorandum of Points and

8   Authorities, the Declaration of Sarah A. Syed, all other pleadings on file with the

9   Court in this matter and on any oral argument that the Court may consider at the

10   hearing on the motion.

11       Counsel for Defendants met and conferred with Plaintiff's counsel pursuant

12   to Local Rule 7-3 on or about June 25, 2014. *See* Declaration of Sarah A. Syed.

13

14   DATED: July 1, 2014              BUCHALTER NEMER
                                      A Professional Corporation
15

16
                                 By: _____/s/_____
17                                   KALLEY R. AMAN
                                     SARAH A. SYED
18                                   Attorneys for Specially Appearing
                                     Defendant
19                                   JOSHUA MAURICE

20

21

22

23

24

25

26

27

28

BUCHALTER NEMER
A Professional Corporation
Los Angeles

ROCKHARD DEFENDANTS' NOTICE OF MOTION AND MOTION TO
DISMISS/STRIKE/FOR MORE DEFINITIVE STATEMENT

# TABLE OF CONTENTS

**PAGE**

I.   INTRODUCTION .................................................................................................. 1

II.  FACTUAL BACKGROUND ................................................................................ 2

III. LEGAL STANDARD .......................................................................................... 2

IV.  THE SAC DOES NOT COMPLY WITH FRCP 9(B) ........................................ 3

V.   THE COURT SHOULD GRANT THIS MOTION BECAUSE
     PLAINTIFF LACKS STANDING ...................................................................... 5

     A.   Plaintiff Lacks Standing For Failure To Plead Reliance Or Injury ...... 6

          1.   Plaintiff Fails To Plead Reliance ................................................ 6

          2.   Plaintiff Fails To Allege An Injury In Fact ................................. 7

     B.   Plaintiff Lacks Standing To Sue For Products He Did Not Purchase ... 8

VI.  PLAINTIFF HAS FAILED TO STATE CLAIMS UNDER THE UCL,
     FAL AND CLRA ............................................................................................... 10

     A.   The Labels Are Puffery And Not Actionable ..................................... 11

     B.   The "All Natural" Label Is Not Actionable ........................................ 12

     C.   The "Doctor Tested Doctor Approved" Statement Is A Non-
          Actionable Lack of Substantiation Claim ........................................... 14

     D.   Defendants Have Not Engaged In Any Unfair Conduct ..................... 15

     E.   The Unlawful Prong Of Plaintiff's UCL Claim Should Be
          Dismissed To The Extent It Raises Violations Of FDCA
          Regulations ......................................................................................... 15

VII. PLAINTIFF'S WARRANTY CLAIMS FAIL .................................................. 17

     A.   Plaintiff Fails To State A Claim For Breach Of Express Or Implied
          Warranty ............................................................................................. 17

     B.   Plaintiff Fails To State A Claim Under The Magnuson-Moss
          Warranty Act ...................................................................................... 19

VIII. THE COURT SHOULD DENY ANY REQUEST FOR LEAVE TO
      AMEND THE SAC ........................................................................................... 20

1

### TABLE OF CONTENTS (cont.)

2
**PAGE**

3    IX.    PORTIONS OF THE SAC SHOULD BE STRICKEN................................21

4           A.    If Not Dismissed, Portions Of The SAC Should Be Stricken.............21

5           B.    The Class Definition Should Be Stricken ............................................21

6    X.    ALTERNATIVELY, PLAINTIFF MUST PROVIDE A MORE
7          DEFINITE STATEMENT ...............................................................................23

8    XI.    CONCLUSION..............................................................................................24

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

**ROCKHARD DEFENDANTS' NOTICE OF MOTION AND MOTION TO
DISMISS/STRIKE/FOR MORE DEFINITIVE STATEMENT**

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Abagninin v. AMVAC Chem. Corp.*,
545 F3d 733 (9th Cir. 2008)....................................................20

*Albrecht v. Lund*,
845 F2d 193 (9th Cir. 1988).....................................................20

*Alvarez v. Chevron Corp.*,
656 F.3d 925 (9th Cir. 2011)....................................................18

*Anderson v. Jamba Juice Co.*,
2012 WL 3642835 (N.D. Cal. Aug. 25, 2012)...............................20, 23

*Anunziato v. eMachines, Inc.*,
402 F.Supp.2d 1133(C.D. Cal. 2005)..........................................12

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009)...........................................................3

*Baltazar v. Apple, Inc.*,
2011 WL 3795013 (N.D. Cal. Aug.26, 2011)..................................12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..............................................................2

*Boysen v. Walgreen Co.*,
2012 WL 2953069 (N.D. Cal. July 19, 2012)..................................7

*Brazil v. Dole Food Company, Inc.*,
2013 WL 1209955 (N.D. Cal. March 25, 2013) .............................20

*Brockey v. Moore*,
107 Cal.App.4th 86 (2003).....................................................10

*Buckland v. Threshold Enterprises, Ltd.*,
155 Cal.App.4th 810 (2007).....................................................6

*Cafasso ex rel. United States v. Gen Dnamics C4 Sys., Inc.*,
637 F.3d 1047 (9th Cir. 2011) ..................................................4

*Carrea v. Dreyer's Grand Ice Cream, Inc.*,
2011 WL 159380 (N.D. Cal. Jan. 10, 2011) ..................................9

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
598 F.3d 1115(9th Cir. 2010) ..................................................5

*Chavez v. Nestle USA, Inc.*,
2011 WL 2150128 (C.D.Cal. May 19, 2011)..................................14

**ROCKHARD DEFENDANTS' NOTICE OF MOTION AND MOTION TO
DISMISS/STRIKE/FOR MORE DEFINITIVE STATEMENT**

1

## <u>TABLE OF AUTHORITIES (cont.)</u>

2

<u>PAGE</u>

3

*Consumer Advocates v. Echostar Satellite Corp.*,
4
113 Cal.App.4th 1351(2003)...................................................................10, 12

5
*Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection. Serv. Inc.*,
911 F.2d 242 (9th Cir.1990)...............................................................................12

6
*Corson v. Toyota Motor Sales, U.S.A., Inc.*,
7
2013 WL 1802709 (C.D. Cal. Apr. 24, 2013)..........................................................4

8
*Davidson v. Herring-Hall-Marvin Safe Co.*,
131 Cal.App. 2d Supp. 874 (1955)..................................................................18

9
*Delacruz v. Cytosport, Inc.*,
10
2012 WL 1215243 (N.D. Cal. Apr. 11, 2012)..................................................12

11
*Durell v. Sharp Healthcare*,
183 Cal.App.4th 1350 (2010) .............................................................................6

12
*Dvora v. General Mills, Inc.*,
13
2011 WL 1897349 (C.D. Cal. May 16, 2011)....................................................9

14
*Eckler v. Wal-Mart Stores, Inc.*,
2012 WL 5382218 (S.D. Cal. Nov. 1, 2012)....................................................15

15
*Edgar v. MITE Corp.*,
16
457 U.S. 624 (1982) .............................................................................................22

17
*Elk Grove Unified School Dist. v. Newdow*,
524 U.S. 1 (2004) ..................................................................................................5

18
*Fisher v. Monster Beverage Corp.*,
19
2013 WL 4804385 (C.D. Cal. July 9, 2013) .....................................................11

20
*Freeman v. Time. Inc.*,
68 F.3d 285(9th Cir.1995) ..................................................................................10

21
*Gitson v. Trader Joe's Co.*,
22
2013 WL 5513711 (N.D. Cal. Oct. 4, 2013) ....................................................13

23
*Granfield v. NVIDIA Corp.*,
2012 WL 2847575(N.D. Cal. July 11, 2012) .....................................................8

24
*Hairston v. South Beach Beverage Co.*,
25
2012 WL 1893818 (C.D. Cal. May 18, 2012)...................................................13

26
*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*,
896 F.2d 1542 (9th Cir.1990)............................................................................11

27

28

1

## <u>TABLE OF AUTHORITIES</u> (cont.)

2

<u>PAGE</u>

3

*Haskell v. Time, Inc.,*
4   857 F.Supp. 1392 (E.D. Cal.1994) ........................................................ 11, 12, 19

5   *Hauter v. Zogarts*
      14 Cal.3d 104 (1975) ........................................................................18
6

*Herskowitz v. Apple Inc.,*
7   2013 WL 1615867 (N.D. Cal. Apr. 15, 2013) .........................................8

8   *Hill v. Roll International Corp.,*
      195 Cal.App.4th 1295 (2011) ..............................................................10
9

*Hoffman v. UBS-AG,*
10   591 F.Supp.2d 522 (S.D.N.Y. 2008) ......................................................9

11   *In re Clorox Consumer Litigation,*
       894 F.Supp.2d 1224 (N.D. Cal. 2012) ...............................................14, 19
12

*In re Ferrero Litigation,*
13   794 F.Supp.2d 1107 (S.D. Cal. 2011) ....................................................9

14   *In re Eaton Vance Corp. Sec. Litig.,*
       219 F.R.D. 38 (D. Mass. 2003) ............................................................9
15

*In re Sony Grand Wega KDF-E A1 0/A20 Series Rear Projection*
16     *HDTV Television Litig.,*
       758 F.Supp.2d 1077 (S.D.Cal. Nov. 30, 2010) ......................................12
17

*Johns v. Bayer Corp.,*
18   2010 WL 476688 (S.D. Cal. Feb. 9, 2010) .............................................9

19   *Kearns v. Ford Motor Co.,*
       567 F.3d 1120(9th Cir. 2009) ..............................................................3
20

*K & N Eng'g, Inc. v. Spectre Performance,*
21   2011 WL 4387094 (C.D. Cal. Sept. 20, 2011) .......................................12

22   *Kamm v. Sugasawara,*
       509 F.2d 205 (9th Cir. 1975) ...............................................................21
23

*Kane v. Chobani, Inc.,*
24   2013 WL 5289253 (N.D. Cal. Sept. 19, 2013) .....................................4, 14

25   *Kwikset Corp. v. Superior Court,*
       51 Cal. 4th 310 (2011) ........................................................................6
26

*Lam v. General Mills Inc.,*
27   850 F.Supp.2d 1097(N.D. Cal. 2012) ....................................................9

28

## TABLE OF AUTHORITIES (cont.)

**PAGE**

*Lanovaz v. Twinings N. Am., Inc.,*
2013 WL 675929 (N.D. Cal. Feb. 25, 2013)...........................................................8

*Larsen v. Trader Joe's, LLC,*
2012 WL 5458396 (N.D. Cal. June 14, 2012) ......................................................19

*Lavie v. Procter & Gamble Co.,*
105 Cal.App.4th 496 (2003) .................................................................................10

*Lieberson v. Johnson & Johnson Consumer Cos.,*
865 F.Supp.2d 529(D.N.J. 2011) ...........................................................................9

*Lujan v. Defenders of Wildlife,*
504 U.S. 555 (1992) ................................................................................................5

*Manning v. Boston Med. Ctr. Corp.*
725 F3d 34 (1st Cir. 2013) ...................................................................................22

*Mazza v. American Honda Motor Co.,*
666 F.3d 581 (9th Cir. 2012) ................................................................................22

*McCann v. Foster Wheeler LLC,*
48 Cal.4th 68 (2010) .............................................................................................22

*McKinniss v. Sunny Delight Beverages Co.,*
2007 WL 4766525 (C.D. Cal. Sept. 4, 2007).......................................................11

*Mlejnecky v. Olympus Imaging Am. Inc.,*
2011 WL 1497096 (E.D. Cal. Apr. 19, 2011)........................................................9

*Morgan v. Wallaby Yogurt Co., Inc.,*
2013 WL 5514563 (N.D. Cal. Oct. 4, 2013).........................................................13

*National Council Against Health Fraud, Inc. v. King Bio Pharms., Inc.,*
107 Cal.App.4th 1336 (2003) ...............................................................................14

*Navarro v. Block,*
250 F.3d 729(9th Cir. 2001) ...................................................................................2

*Padilla v. Costco Wholesale Corp.,*
2012 WL 2397012 (N.D. Ill. June 21, 2012) .........................................................9

*Palmer v. Combined Ins. Co. of Am.,*
2003 U.S. Dist. LEXIS 2534 (N.D. Ill. Aug. 29, 2003)........................................21

*Payton v. Cnty. of Kane,*
308 F.3d 673 (7th Cir. 2002) ..................................................................................5

**ROCKHARD DEFENDANTS' NOTICE OF MOTION AND MOTION TO
DISMISS/STRIKE/FOR MORE DEFINITIVE STATEMENT**

1
2

## <u>TABLE OF AUTHORITIES</u> (cont.)

<u>PAGE</u>

3
4

*Pearson v. Target Corp.,*
   2012 WL 7761986 (N.D. Ill. Nov. 9, 2012)...........................................9

5

*Pelayo v. Nestle USA,*
   2013 WL 5764644 (C.D. Cal. Oct. 25, 2013) ......................................13

6
7

*Pirozzi v. Apple Inc.,*
   2012 WL 6652453 (N.D. Cal. Dec. 20, 2012) ......................................7

8

*Rooney v. Cumberland Packing Corp.,*
   2012 WL 1512106 (S.D. Cal. Apr. 16, 2012)...................................10, 13

9
10

*Samet v. Procter & Gamble Co.,*
   2013 WL 3124647 (N.D. Cal. June 18, 2013) ......................................4

11

*Schmier v. U.S. Court of Appeals for 9th Circuit,*
   279 F.3d 817 (9th Cir. 2009).............................................................7

12
13

*Schreiber Distributing Co. v. Serv–Well Furniture Co., Inc.,*
   806 F2d 1393 (9th Cir. 1986)............................................................20

14

*Sidney-Vinstein v. A.H. Robins Co.,*
   697 F.2d 880(9th Cir. 1983)..............................................................21

15
16

*Silvera v. Broadway Dept. Store,*
   35 F. Supp. 625 (S.D. Cal. 1940) ......................................................18

17

*Southland Sod Farms v. Stover Seed Co.,*
   108 F.3d 1134 (9th Cir.1997)............................................................11

18
19

*Stearns v. Select Comfort Retail Corp.,*
   2009 WL 1635931 (N.D. Cal. June 5, 2009) ...................................12, 17

20

*Stickrath v. Globalstar, Inc.,*
   527 F.Supp.2d 992 (N.D. Cal. 2007)..................................................12

21
22

*Sugawara v. Pepsico., Inc.,*
   2009 WL 1439115 (E.D. Cal. May 21, 2009).......................................11

23

*Swartz v. KPMG LLP,*
   476 F.3d 756 (9th Cir.2007) .............................................................4

24
25

*Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.,*
   368 F3d 1053(9th Cir. 2004).............................................................20

26

*Trazo v. Nestle, Inc.,*
   2013 WL 4083218 (N.D. Cal. Aug. 9, 2013).........................................3

27
28

## <u>TABLE OF AUTHORITIES (cont.)</u>

<u>PAGE</u>

*Vess v. Ciba-Geigy Corp. USA,*
    317 F.3d 1097 (9th Cir. 2003)................................................3, 4

*Videtto v. Kellogg USA,*
    2009 WL 143086 (E.D. Cal. May 21, 2009).........................11

*Viggiano v. Hansen Natural Corp.,*
    2013 WL 2005430 (C.D. Cal. May, 13, 2013)......................13

*Warth v. Seldin,*
    422 U.S. 490 (1975) ................................................5, 23

*Werbel v. Pepsico, Inc.,*
    2010 WL 2673860 (N.D. Ca. July 2, 2010) ..........................10

*Whittlestone, Inc. v. Handi–Craft Co.,*
    618 F3d 970 (9th Cir. 2010)...........................................21

*Williams v. Gerber Prods. Co.,*
    439 F.Supp.2d 1112 (S.D. Cal. 2006) ................................10

*Zinser v. Accufix Research Inst., Inc.,*
    253 F.3d 1180 (9th Cir. 2001)........................................22

*Zwart v. Hewelett-Packard Co.,*
    2011 WL 767750 (N.D. Cal. Feb. 25, 2011).........................9

**Statutes**

15 U.S.C. § 2301(6)(A)...............................................19

15 U.S.C. § 2310(d) ..................................................19

21 C.F.R. § 310.528 ..................................................17

21 U.S.C. § 321(ff)(1)................................................16

21 U.S.C. § 321(g)(l)(B), (C).........................................16

21 U.S.C. § 343(r)(6) ..............................................16, 17

Cal. Bus. & Prof. Code § 17204 .......................................6

Cal. Bus. & Prof. Code § 17535 .......................................6

Cal. Civ. Code § 1791.1(a) ...........................................18

Cal. U. Com. Code § 2607(3)(A).......................................18

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

viii
ROCKHARD DEFENDANTS' NOTICE OF MOTION AND MOTION TO
DISMISS/STRIKE/FOR MORE DEFINITIVE STATEMENT

## TABLE OF AUTHORITIES (cont.)

**PAGE**

**Rules**

Fed. R. Civ. P. 8(a)............................................................................................2

Fed. R. Civ. P. 9(b) ...................................................................................3, 4, 5

Fed. R. Civ. P. 12(b)(1)....................................................................1, 5, 21

Fed. R. Civ. P. 12(b)(6)...............................................................1, 2, 11, 21

Fed. R. Civ. P. 12(e).........................................................................1, 2, 23

Fed. R. Civ. P. 12(f) ........................................................................1, 21, 23

Fed. R. Civ. P. 23(d)(1)(D)............................................................21, 23

Fed. R. Civ. P. 23(d)(4)..............................................................................22

**Regulations**

65 Fed. Reg. 999 .............................................................................................17

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

By his Complaint, Plaintiff Kenny Dorsey, on behalf of a putative class, seeks to hold the Defendants liable for alleged false advertising of a male sexual enhancement product marketed and sold by Defendants.  The product, Rockhard Weekend, is a dietary supplement comprised of various herbs, extracts and other plant-based substances.  Plaintiff alleges that he purchased the Rockhard Weekend product at a liquor store on one occasion three years ago and it did not work for him as advertised.   Years later, Plaintiff sued Defendants Rockhard Laboratories, LLC and Rockhard Laboratories Holdings, LLC (collectively, "Defendants")[1] under various California consumer protection statutes and for breach of warranty.

For numerous, independent reasons, the SAC fails to state a claim and should be dismissed:

1.     Plaintiff, having failed to allege reliance or that he suffered an injury in fact, lacks standing to bring this lawsuit.

2.     Plaintiff lacks standing to sue for products, admittedly containing different formulas, that he did not purchase.

3.     Many of the statements upon which Plaintiff allegedly relied constitute non-actionable puffery.

4.     Neither Plaintiff nor a reasonable consumer could be deceived by the "all natural" labeling representation.

5.     Plaintiff cannot bring claims based on "lack of substantiation."

6.     The Rockhard Weekend product is a dietary supplement which is not regulated by the Federal Food & Drug Administration.

7.     The SAC fails to comply with FRCP 9.

---

[1]  The parties have stipulated to the dismissal of the individual named defendants, Joshua Maurice and John R. Miklos, without prejudice.

8.   Plaintiff's warranty claims fail because he failed to give reasonable notice and none of the labels refer to a defect.

As demonstrated below, Defendants respectfully request that the Court dismiss this lawsuit with prejudice.

## II.   FACTUAL BACKGROUND

As alleged in the Second Amended Complaint ("SAC"), Defendants market and sell a product known as "Rockhard Weekend."    Plaintiff alleges that Defendants have changed the Rockhard product's formulas several times over the years and have sold various formulations of the Rockhard product.  SAC ¶¶19, 28.

Plaintiff alleges he purchased a bottle of a Rockhard product from April 2011 to June 2011 from a liquor store, located on Western Avenue in Los Angeles, California.  SAC ¶25.  According to the SAC, Plaintiff used the Rockhard product and that it did not work for Plaintiff as advertised.   SAC ¶27.

Plaintiff  claims that the Rockhard product is not a "Sexual Performance Enhancer for Men," is not "Fast and Effective," does not yield "RockHard results," is not "All Natural" and is not "DOCTOR TESTED and DOCTOR APPROVED." SAC ¶¶33-42.

## III.   LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To defeat a 12(b)(6) motion, a complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief."). The Supreme Court has explained that Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3. Accordingly, a complaint must allege "sufficient factual matter, accepted as

true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). This standard requires a plaintiff to plead "*factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" *Id.* (emphasis added). "[L]abels and conclusions," "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to avoid dismissal. *Id.* (internal quotations omitted).  Where the court can only infer a mere possibility of misconduct, the complaint has failed to show that the plaintiff is entitled to relief. *Id.* at 1950. As set forth below, the well-pleaded facts do not show any plausible right to relief in this case.

In addition, Plaintiffs' fraud-based claims under the UCL, CLRA and FAL must be examined under the heightened pleading standard of Rule 9(b), which requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009) (holding that "Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL").  This heightened standard also applies to UCL claims brought under the "unlawful" and "unfair" prongs that allege fraudulent conduct. *Kearns*, 567 F.3d at 1127.  Under Rule 9(b) "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  A plaintiff "must set forth what is false or misleading about a statement, and why it is false." *Id.*

## IV.   THE SAC DOES NOT COMPLY WITH FRCP 9(B)

Claims sounding in fraud, like Plaintiff's consumer UCL, FLA and CLRA claims, are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Trazo v. Nestle, Inc.*, 2013 WL 4083218 at *3 (N.D. Cal. Aug. 9, 2013)("This includes 'the who, what, when, where, and how of the misconduct

charged'"); *Vess, supra*, 317 F.3d at 1103-1104 (heightened pleading standard of plaintiff's claims because alleged fraud and deception underlie the complaint). Where a complaint has multiple defendants, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir.2007). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum identify the role of each defendant in the alleged fraudulent scheme." *Swartz*, 476 F.3d at 764-65; *Corson v. Toyota Motor Sales, U.S.A., Inc.*, 2013 WL 1802709, at *4 (C.D. Cal. Apr. 24, 2013).

Far from providing particularized allegations of falsity, materiality, reliance and causation, Plaintiff does not even allege how he was deceived. Nowhere in the SAC does Plaintiff allege what he even thought a "Sexual Performance Enhancer for Men" or "RockHard Results" or "all natural" meant, let alone how his expectations of these phrases were frustrated and how that caused him injury. But Plaintiff "is supposed to set forth what is false or misleading about a statement, and why it is false." *Kane v. Chobani, Inc.*, 2013 WL 5289253 *4 (N.D. Cal. Sept. 19, 2013); *see also Samet v. Procter & Gamble Co.*, 2013 WL 3124647 at *8 (N.D. Cal. June 18, 2013)("Plaintiffs have not alleged in the detail required by Rule 9(b) *how Plaintiffs were actually misled*" by the challenged statements); *Cafasso ex rel. United States v. Gen Dnamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011)(holding that to satisfy Rule 9(b), a plaintiff must identify what is false or misleading about the purportedly fraudulent statement and why it is false).

At a minimum, Plaintiff must plead what his subjective understanding of Sexual Performance Enhancer for Men," "RockHard Results" or "all natural" was at the time he allegedly purchased the product, how those subjective understandings

were shared by the reasonable consumer, and how his expectations were frustrated. Here, Plaintiff did not identify why he purchased the product, what he expected to achieve and for how long, how often he took it and what was so "unacceptable" about it.   Thus, Plaintiff has failed to sufficiently allege "how" "Defendants'" representations were fraudulent.  Accordingly, Plaintiff fails to satisfy the pleading requirements of Rule 9(b) and his claims must be dismissed.

## V.   THE COURT SHOULD GRANT THIS MOTION BECAUSE PLAINTIFF LACKS STANDING

Standing is a threshold issue in every federal case. *Elk Grove Unified School Dist. v. Newdow*, 524 U.S. 1, 11 (2004).  In in order to have constitutional standing to bring a claim, a plaintiff must (1) have suffered an injury in fact that is "concrete and particularized" and "actual," not "conjectural or hypothetical;" (2) plead a causal connection between the injury and the conduct complained of; and (3) plead an injury that can be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  Allegations of injury to putative class members do not satisfy the requirement that named plaintiffs must allege to "personally have been injured, not that the injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Warth v. Seldin*, 422 U.S. 490, 502 (1975); *Payton v. Cnty. of Kane*, 308 F.3d 673, 682 (7th Cir. 2002) (explaining that "a person cannot predicate standing on injury which he does not share. Standing cannot be acquired through the back door of a class action.").   On a motion to dismiss for lack of standing under Rule 12(b)(1), a court must dismiss a complaint if the plaintiff does not satisfy Article III standing requirements. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

**ROCKHARD DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS/STRIKE/FOR MORE DEFINITIVE STATEMENT**

**A.**   <u>**Plaintiff Lacks Standing For Failure To Plead Reliance Or Injury**</u>

**1.**   **Plaintiff Fails To Plead Reliance**

California law requires a plaintiff who brings claims for violations of the UCL and FAL to allege that his injury was suffered "as a result of" a defendant's violations of those laws.  Cal. Bus. & Prof. Code §§ 17204, 17535; *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326 (2011).  In this case, which is "based on a fraud theory involving false advertising and misrepresentations to consumers," Plaintiff must "demonstrate actual reliance on the allegedly deceptive or misleading statements." *Id*. at 326-327.  Similarly, for a CLRA claim, a plaintiff must prove that a defendant's allegedly deceptive statements were material to his purchase. *Durell v. Sharp Healthcare*, 183 Cal.App.4th 1350, 1366-1367 (2010).  To establish materiality, a plaintiff must show that: 1) he relied on a defendant's alleged misrepresentation; and 2) his reliance caused him harm.  *Id*.; *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal.App.4th 810 (2007)(CLRA claims sounding in fraud require proof of actual reliance).

While he claims to have purchased only one bottle of the Rockhard product, Plaintiff alleges in the SAC that he "relied upon various representations Defendant made on the ***Products'*** labels." SAC ¶¶25-26.  Despite referring throughout the SAC to the "various versions" and "different formulations" of the Rockhard products (SAC ¶¶19, 28, 29, 31, 33, 36, 41, 47), Plaintiff does not identify which specific statements were on the one Rockhard product he actually purchased and, more importantly, which specific statements he claims to have relied upon in making the purchase.   Plaintiff admits that the statements changed over time.  Indeed, Plaintiff's Exhibit A depicts various bottles of the Rockhard product, all of which have different labels.  Plaintiff fails to identify which bottle he purchased and, thus, has failed  to adequately plead reliance.

**ROCKHARD DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS/STRIKE/FOR MORE DEFINITIVE STATEMENT**

### 2.     Plaintiff Fails To Allege An Injury In Fact

Plaintiff also fails to allege that he was injured in any way.  Plaintiff simply states that he used the Rockhard product but it "was not as advertised" or that it was "unacceptable."  SAC ¶¶27, 59.  What does this even mean?  Plaintiff's allegations do not come close to alleging an *injury in fact* necessary for Article III standing. *Schmier v. U.S. Court of Appeals for 9th Circuit*, 279 F.3d 817, 821 (9th Cir. 2009)(A concrete injury is one that is "distinct and palpable . . . as opposed to merely abstract.").

Plaintiff attempts to manufacture an injury by alleging that he suffered an economic injury as a result of receiving "a product worth much less, or which as worthless" (SAC ¶66) and "suffered loss of monies in the form of the purchase price" (SAC¶¶70, 102).  But this too is insufficient to confer standing.  In order to assert the type of economic injury that would entitle Plaintiff to standing, he must demonstrate he was allegedly deceived, **and** either paid a premium for the product, or would have purchased an alternative product.  *See Pirozzi v. Apple Inc.*, 2012 WL 6652453, at *4 (N.D. Cal. Dec. 20, 2012)("Overpaying for goods or purchasing goods a person otherwise would not have purchased based upon alleged misrepresentations by the manufacturer would satisfy the injury-in-fact and causation requirements for Article III standing"); *Boysen v. Walgreen Co.*, 2012 WL 2953069, at *7 (N.D. Cal. July 19, 2012) (an economic injury is sufficiently alleged if plaintiff would have purchased an alternative beverage "had defendant's [beverage] been differently labeled.").

Here, Plaintiff has not alleged that he paid a premium for the Rockhard product because of an alleged misrepresentation.  Nor has he alleged he would have purchased an alternative product.  Therefore, Plaintiff has not sufficiently alleged an economic injury.

**ROCKHARD DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS/STRIKE/FOR MORE DEFINITIVE STATEMENT**

1  In short, Plaintiff alleges no cognizable injury and all his claims should be

2  dismissed for lack of standing.

3  **B.    Plaintiff Lacks Standing To Sue For Products He Did Not**

4  **Purchase**

5  After receiving information from defense counsel showing the lack of merit

6  to Plaintiff's claim, Plaintiff filed this amended pleading trying to sweep together

7  different formulations and iterations of the Rockhard product that Plaintiff never

8  purchased or took.  SAC ¶¶19, 26, 28, 29, 31, 33, 36, 41, 47, Ex. A.[2]  Specifically,

9  Plaintiff now seeks to represent a putative class of individuals who purchased "all

10  iterations/variations, sizes and formulas'" of Rockhard Weekend products.

11  SAC¶105.   As a matter of law, Plaintiff lacks standing to bring claims for products

12  he never purchased.

13  "A plaintiff has standing to assert injury based on a defective product or false

14  advertising only if the plaintiff experienced injury stemming from the purchase of

15  that product." *Granfield v. NVIDIA Corp.*, 2012 WL 2847575, at *6 (N.D. Cal.

16  July 11, 2012).   California federal courts have repeatedly refused to allow class

17  action plaintiffs to broadly assert claims across a range of allegedly related

18  products.  Where plaintiffs have not purchased all the products they attempt to put

19  at issue in the case, courts have found a lack standing to pursue such claims, even if

20  they purchased a related product with the same purported defect. *See*, *e.g.*,

21  *Herskowitz v. Apple Inc.*, 2013 WL 1615867 at *16 (N.D. Cal. Apr. 15, 2013)

22  (finding that the named plaintiffs lacked standing to assert claims on products they

23  did not purchase); *Lanovaz v. Twinings N. Am., Inc.*, 2013 WL 675929 at *2 (N.D.

24  Cal. Feb. 25, 2013) (plaintiff's claims could not proceed with respect to products

25

26  [2] Plaintiff admits he purchased only one formula of the Rockhard product in a bottle

27  sometime in April to June 2011.  SAC ¶ 25.   He does not allege that he purchased
any other Rockhard product at any other time and thus cannot be injured or

28  deceived by something he never purchased.

1    she did not purchase as she did not have any pecuniary injury resulting from the

2    sale of those products); *Mlejnecky v. Olympus Imaging Am. Inc.*, 2011 WL 1497096

3    at *4 (E.D. Cal. Apr. 19, 2011) (the plaintiff did not suffer any economic injury

4    from any alleged misrepresentations regarding the product she did not purchase);

5    *Carrea v. Dreyer's Grand Ice Cream, Inc.*, 2011 WL 159380 (N.D. Cal. Jan. 10,

6    2011) (plaintiff lacked standing to pursue claims for un-purchased products); *Johns*

7    *v. Bayer Corp.*, 2010 WL 476688 at *5 (S.D. Cal. Feb. 9, 2010) (purchaser of one

8    vitamin product lacks standing to sue on behalf of purchasers of a different vitamin

9    product made by the same defendant under the UCL or CLRA); *see also Lam v.*

10    *General Mills Inc.*, 850 F.Supp.2d 1097, 1105 (N.D. Cal. 2012); *Dvora v. General*

11    *Mills, Inc.*, 2011 WL 1897349 at *8 (C.D. Cal. May 16, 2011); *In re Ferrero*

12    *Litigation*, 794 F.Supp.2d 1107, 1112 (S.D. Cal. 2011); *Zwart v. Hewelett-Packard*

13    *Co.*, 2011 WL 767750 at *3-4 (N.D. Cal. Feb. 25, 2011).[3]  Simply put, Plaintiff

14    "cannot expand the scope of [her] claims to include a product [s]he did not

15    purchase or advertisements relating to a product that [s]he did not rely upon."

16    *Bayer Corp.*, 2010 WL 476688 at *5.

17        Here, Plaintiff alleges that he purchased a Rockhard product in a bottle

18    sometime in April 2011 to June 2011 and admits that he is seeking relief for other,

19    different products.   Plaintiff lacks standing to sue for any statements made in

20    connection with Rockhard products that he never purchased.

21

22

23    [3] *See also Pearson v. Target Corp.*, 2012 WL 7761986 at *1 (N.D. Ill. Nov. 9, 2012) (plaintiff lacked standing under both Article III and the Illinois consumer protection statute because he did not purchase the challenged product); *Padilla v.*

24    *Costco Wholesale Corp.*, 2012 WL 2397012 at *3 (N.D. Ill. June 21, 2012) (finding that the plaintiff lacked standing to pursue his consumer fraud claim for a product

25    that he did not purchase); *Lieberson v. Johnson & Johnson Consumer Cos.*, 865 F.Supp.2d 529, 537 (D.N.J. 2011) (plaintiff lacked standing to pursue claims

26    regarding two of four baby bath products in the "Bedtime" line); *Hoffman v. UBS-AG*, 591 F.Supp.2d 522, 532 (S.D.N.Y. 2008) ("Plaintiffs lack standing for claims

27    relating to funds in which they did not personally invest."); *In re Eaton Vance Corp. Sec. Litig.*, 219 F.R.D. 38, 41 (D. Mass. 2003) (dismissing the named

28    plaintiffs' claims against mutual funds which they did not personally purchase).

1  Accordingly, this Court should dismiss those claims wherein Plaintiff

2  attempts to encompass different formulas and iterations of the Rockhard product

3  which plaintiff did not purchase and lacks standing to pursue.[4]

4  **VI.  PLAINTIFF HAS FAILED TO STATE CLAIMS UNDER THE UCL,**

5  **FAL AND CLRA**

6  Claims made under the UCL, FAL or CLRA are governed by the "reasonable

7  consumer test," which focuses on whether the defendant's product labels are likely

8  to deceive a reasonable consumer. *See Freeman v. Time. Inc.*, 68 F.3d 285, 289

9  (9th Cir.1995); *Williams v. Gerber Prods. Co.*, 439 F.Supp.2d 1112, 1115 (S.D.

10  Cal. 2006); *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal.App.4th

11  1351, 1360 (2003). The reasonable consumer standard requires a probability that

12  "a significant portion of the general consuming public or of targeted consumers,

13  acting reasonably under the circumstances, could be misled." *Lavie v. Procter &*

14  *Gamble Co.*, 105 Cal.App.4th 496, 508 (2003); *see also Hill v. Roll International*

15  *Corp.*, 195 Cal.App.4th 1295, 1300-1301 (2011)(holding that the "reasonable

16  consumer" is not the "least sophisticated consumer" or an "unwary consumer," but

17  "[r]ather, California courts consistently have looked to the ordinary consumer

18  within the population").

19  Since the primary evidence in a case alleging a deceptive and misleading

20  statement on product packaging is the packaging itself, courts may properly

21  consider the allegedly deceptive product labels in deciding a motion to dismiss. *See*

22  *Brockey v. Moore*, 107 Cal.App.4th 86, 100, 131 (2003); *Rooney v. Cumberland*

23  *Packing Corp.*, 2012 WL 1512106 (S.D. Cal. Apr. 16, 2012); *Werbel v. Pepsico,*

24  *Inc.*, 2010 WL 2673860 (N.D. Ca. July 2, 2010); *Sugawara v. Pepsico., Inc.*, 2009

25

26  [4] While some courts defer the issue of standing with respect to un-purchased products until the class certification stage, they do so only where "the products and alleged misrepresentations are substantially similar." *Miller v. Ghirardelli*

27  *Chocolate Co.*, 912 F.Supp.2d 861, 869 (N.D. Cal. 2012). Here, Plaintiff admits that the other Rockhard products are not substantially similar because the formulas

28  are different. SAC ¶¶19, 29, 36, 41.

1   WL 1439115 (E.D. Cal. May 21, 2009); *Videtto v. Kellogg USA*, 2009 WL 143086

2   (E.D. Cal. May 21, 2009); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*,

3   896 F.2d 1542, 1555, n. 19 (9th Cir.1990); *McKinniss v. Sunny Delight Beverages*

4   *Co.*, 2007 WL 4766525, at *3 (C.D. Cal. Sept. 4, 2007).

5          Here, a review of the Rockhard product's labels shows that Plaintiff's

6   consumer claims fail as a matter of law.  The Rockhard labels are not likely to

7   deceive a reasonable consumer because: (1) the labels are non-actionable puffery;

8   (2) the labels are too generalized, vague and unspecified to be actionable; or (3) are

9   based on an improper lack of substantiation theory.

10         **A.     The Labels Are Puffery And Not Actionable**

11         Puffery is "exaggerated advertising, blustering, and boasting upon which no

12   reasonable buyer would rely."  *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d

13   1134, 1145 (9th Cir.1997). "The distinguishing characteristics of puffery are vague,

14   highly subjective claims as opposed to specific, detailed factual assertions."

15   *Haskell*, 857 F.Supp. at 1399.[5]

16         The statements that the Rockhard product is a "Sexual Performance Enhancer

17   for Men," is "Fast & Effective" and achieves "RockHard Results" are merely non-

18   actionable puffery.  *Haskell v. Time, Inc.*, 857 F.Supp. 1392, 1399 (E.D. Cal.1994)

19   ("Advertising that amounts to 'mere' puffery is not actionable.").[6]  These are vague,

20   highly subjective claims as opposed to detailed factual assertions. *See Haskell v.*

21   *Time, Inc.*, 857 F.Supp. at 1399; *see also Fisher v. Monster Beverage Corp.*, 2013

22   WL 4804385 at *12 (C.D. Cal. July 9, 2013) (identifying several statements

23   associated with an energy drink, "bigger is better" or "ideal combo" as puffery);

24   _____

25   [5] If an alleged misrepresentation would not deceive a reasonable consumer or
     amounts to mere puffery, then any cause of action having deception as an element

26   may be addressed, as a matter of law, on a motion to dismiss. *See McKinnis v.*
     *Kellogg USA*, 2007 WL 4766060 at *3 (C.D. Cal. Sept. 19, 2007); *Haskell v. Time.*
     *Inc.*, 857 F.Supp. 1392, 1399 (E.D.Cal.1994).

27   [6] "[W]hether an alleged misrepresentation 'is a statement of fact' or is instead 'mere
     puffery' is a legal question that may be resolved on a Rule 12(b)(6) motion.

28   *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008)

*Baltazar v. Apple, Inc.*, 2011 WL 3795013 at *4 (N.D. Cal. Aug.26, 2011) (representation that an iPad was "just like a book" is puffery); *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection. Serv. Inc.*, 911 F.2d 242, 246 (9th Cir.1990) (providing as examples of non-actionable puffery statements such as "best technology" and "better customer service"); *Delacruz v. Cytosport, Inc.*, 2012 WL 1215243 at *7 (N.D. Cal. Apr. 11, 2012) (finding that the word "ideal" is vague, highly subjective, and non-actionable in a product that promoted itself as the "ideal nutritional choice"); *K & N Eng'g, Inc. v. Spectre Performance*, 2011 WL 4387094 at *15 (C.D. Cal. Sept. 20, 2011) (use of the term "best" was puffery); *Stearns v. Select Comfort Retail Corp.*, 2009 WL 1635931 at *11 (N.D. Cal. June 5, 2009) (finding phrase "perfect night's sleep" was puffery); *In re Sony Grand Wega KDF-E A1 0/A20 Series Rear Projection HDTV Television Litig.*, 758 F.Supp.2d 1077, 1089 (S.D.Cal. Nov. 30, 2010) (holding representations of "high" or "superior" quality was puffery); *Stickrath v. Globalstar, Inc.*, 527 F.Supp.2d 992, 998 (N.D. Cal. 2007) ("terms such as 'high quality,' 'reliable,' 'high performance,' and 'latest technology' are non-actionable puffery"); *see also Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1361 (2003) (statements that are "boasts" or "all-but-meaningless superlatives" are puffery).

Because no reasonable buyer would rely on these statements, they are non-actionable puffery.

### B.   The "All Natural" Label Is Not Actionable

"Generalized, vague and unspecified assertions constitute," under California consumer protection laws, statements "upon which a reasonable consumer *could not rely*, and hence *are not actionable*." *Anunziato v. eMachines, Inc.*, 402 F.Supp.2d 1133, 1139 (C.D. Cal. 2005)(emphasis added). Such advertising "is not actionable because no reasonable consumer relies on" generalized, vague and subjective assertions. *Haskell v. Times, Inc.*, 857 F.Supp. 1392, 1399 (E.D. Cal.

1994).  The distinguishing characteristics of non-actionable assertions are that they are "vague, highly subjective claims as opposed to specific, detailed factual assertions." *Id*.

With respect to the "all natural" statement, the Central District of California has already ruled  that the phrase "all natural" cannot be considered to be deceptive to a consumer acting reasonably under the circumstances.  *See Pelayo v. Nestle USA*, 2013 WL 5764644 (C.D. Cal. Oct. 25, 2013)(where a plaintiff failed to allege either a plausible objective definition of the term "all natural" or his subjective definition of the same term that is shared by the reasonable consumer, that plaintiff has failed to allege how the term "all natural" could be deceptive to a consumer acting reasonably under the circumstances); *Hairston v. South Beach Beverage Co.*, 2012 WL 1893818 (C.D. Cal. May 18, 2012).

Furthermore, to the extent there is any ambiguity regarding the definition of "all natural" with respect to the Rockhard product, it is clarified, as the SAC admits, by the detailed information contained in the ingredient list.  *Rooney v. Cumberland Packing Corp.*, *supra*, 2012 WL 1512106 (holding that no reasonable consumer could be deceived by the label "Sugar in the Raw" because the package stated in several places that the sugar was turbinado-sugar [a processed sugar]); *Morgan v. Wallaby Yogurt Co., Inc.*, 2013 WL 5514563 (N.D. Cal. Oct. 4, 2013)(holding that the plaintiffs' claims that they would not have purchased the products if they had known the products contained sugar or dried cane syrup, "is contradicted by the fact that the plaintiffs nonetheless purchased the products despite the fact that the sugar content is listed right next to the ingredients list, as the imagines in their Complaint reflect"); *Gitson v. Trader Joe's Co.*, 2013 WL 5513711 (N.D. Cal. Oct. 4, 2013)(holding that reasonable consumer would not be deceived into thinking soy milk was dairy when the label said it was not); *Viggiano v. Hansen Natural Corp.*, 2013 WL 2005430 (C.D. Cal. May, 13, 2013)(holding that no reasonable consumer

1   could be misled by the label, because a review of the ingredients list make the
2   composition of the product clear); *Kane, supra*, 2013 WL 5289253 ("Because the
3   labels clearly disclosed the presence of the [allegedly unnatural ingredients] it is not
4   plausible that Plaintiffs believed, based on Defendant's '[o]nly natural ingredients'
5   or 'all natural' representations, that the [product] did not contain [the challenged
6   ingredients]").

7       **C.     The "Doctor Tested Doctor Approved" Statement Is A Non-**
8              **Actionable Lack of Substantiation Claim**

9       California law distinguishes between allegations that advertising claims are
10  false and allegations that advertising claims lack substantiation.  Plaintiff cannot
11  bring consumer claims (under the UCL, FAL or CLRA) that allege that advertising
12  claims are not substantiated. *Chavez v. Nestle USA, Inc., ,* 2011 WL 2150128 at *5
13  (C.D.Cal. May 19, 2011); *In re Clorox Consumer Litigation*, 894 F.Supp.2d 1224,
14  1232 (N.D. Cal. 2012)("Consumer claims for a lack of substantiation are not
15  cognizable under California law.").   Instead, a plaintiff "has the burden of
16  producing evidence that the challenged advertising claim[s] [are] false or
17  misleading." *National Council Against Health Fraud, Inc. v. King Bio Pharms.,*
18  *Inc.*, 107 Cal.App.4[th] 1336, 1344, 1346 (2003).

19      Here, Plaintiff only alleges, with respect to the "Doctor Tested Doctor
20  Approved" label , that "Defendants have not and cannot cite any research studies or
21  unsolicited endorsements of RHW by medical doctors, nor is RHW used in clinical
22  settings for the treatment of male impotence or any other condition."  SAC ¶39.[7]
23  This is not a claim that the label is misleading, but one that it is unsubstantiated.
24  Because California does not recognize such claims, it must be dismissed.

25

26  _____
    [7]  Notably, while Plaintiff claims the Rockhard product is not based on medical
27  studies, he named Dr. John R. Miklos as a defendant, who is an "internationally
    recognized lecturer, scientist, surgeon, [and] author" that endorsed the Rockhard
28  product.

1      **D.     Defendants Have Not Engaged In Any Unfair Conduct**

2          For the reasons set forth above, Plaintiff fails to allege any fraud by

3      Defendants.  In addition, Plaintiff fails to allege the unfair prong for a UCL claim.

4      The Complaint simply recites the elements of the claim, alleging that Defendants'

5      conduct "offends public policy, and is immoral, unethical, oppressive, and

6      unscrupulous as the gravity of the conduct outweighs any alleged benefits

7      attributable to such conduct."  SAC ¶ 128.  But Plaintiff alleges no facts regarding

8      the immorality or unscrupulous nature of Defendants' conduct and Plaintiff does

9      not identify the established public policy that the alleged misrepresentations violate.

10     Plaintiff cannot recast his claim under the fraudulent prong of the UCL into a claim

11     of  "unfairness" one without alleging supporting facts. *See Eckler v. Wal-Mart*

12     *Stores, Inc.*, 2012 WL 5382218, at *5 (S.D. Cal. Nov. 1, 2012) (finding that the

13     allegation that the conduct violated the public policy "against engaging in false and

14     misleading advertising, unfair competition and deceptive conduct towards

15     consumers" is insufficient to state a separate claim under the "unfair" prong of the

16     UCL).

17         Accordingly, Plaintiff's purported claim under the "unfair" prong of the UCL

18     should be dismissed.

19     **E.     The Unlawful Prong Of Plaintiff's UCL Claim Should Be
               Dismissed To The Extent It Raises Violations Of FDCA**
20     **Regulations**

21         Plaintiff also fails to allege a violation of the unlawful prong under the UCL.

22     In the Complaint, Plaintiff alleges that Defendants violated the Food, Drug and

23     Cosmetic Act because the claims on Defendants' label "evidence Defendants'

24     intended use of RHW as an aphrodisiac" and as such, the products  should not have

25     been marketed or sold before Defendants received an approved new drug

26     application.  SAC  ¶¶ 43-48.  Plaintiff's theory is based on a misunderstanding of

27     how the FDCA applies to dietary supplements and is legally incorrect.

28

1    The FDCA defines a "drug," in pertinent part, as an "article[] intended for

2    use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or

3    other animals" and an "article[] (other than food) intended to affect the structure or

4    any function of the body of man or other animals." 21 U.S.C. § 321(g)(l)(B), (C).

5    In contrast, the FDCA, as amended by the Dietary Supplement Health and

6    Education Act (DSHEA) defines a dietary supplement as "[a] product . . . intended

7    to supplement the diet that bears or contains one or more of the following dietary

8    ingredients: (A) a vitamin; (B) a mineral; (C) an herb or other botanical; (D) an

9    amino acid; (E) a dietary substance for use by man to supplement the diet by

10   increasing the total dietary intake; or (F) a concentrate, metabolite, constituent,

11   extract, or combination of any [such] ingredient." 21 U.S.C. § 321(ff)(1). The

12   FDCA expressly states that a dietary supplement is a food, not a drug.

13   Unlike drugs, the FDCA and DSHEA allow dietary supplements to make

14   "structure/function" claims without prior FDA approval. Structure/function claims,

15   like those on the Rockhard packaging, may be made if they "describe[] the role of a

16   nutrient or dietary ingredient intended to affect the structure or function in humans,

17   characterizes the documented mechanism by which a nutrient or dietary ingredient

18   acts to maintain such structure or function, or describes general well-being from

19   consumption of a nutrient or dietary ingredient[.]" 21 U.S.C. § 343(r)(6).

20   None of the statements on Defendants' packaging suggest that the product

21   will diagnose, cure, mitigate, treat, or prevent a disease.[8]  As such, the product is

22   not a drug within the definition of the FDCA. Although some of the claims on the

23   Rockhard package may suggest that the product will increase sexual vigor and

24   performance, the FDA has explicitly stated that such claims are permissible for

25   dietary supplements.

26

27

28   [8] Indeed, this language is found on Rockhard packaging.

In the preamble to the final rule for dietary supplement structure/function claims, the FDA stated that some statements from its aphrodisiacs monograph, including the statement that a product "arouses or increases sexual desire and improves sexual performance" are acceptable structure/function claims because they do not imply that a supplement will treat a disease. 65 Fed. Reg. 999, 1031.

Plaintiff's claim that Rockhard is a mislabeled "aphrodisiac" that violates the FDCA and FDA regulations is at odds with the FDCA itself and the FDA's treatment of dietary supplements under the Act. Indeed, the regulation that Plaintiff primarily relies on, 21 C.F.R. 310.528, appears in one of the drug sections of the Code of Federal Regulations (not in a dietary supplement section) and predates the enactment of the DSHEA. As the title of the regulation states, the regulation applies to over-the-counter drugs, not dietary supplements. Plaintiff's attempt to interpret 21 C.F.R. 310.528 to preclude aphrodisiac claims in the labeling of dietary supplements would render meaningless the FDA's statements confirming that aphrodisiac claims are permitted for dietary supplements, as well as 21 U.S.C. section 343(r)(6)'s structure/function rules.

21 C.F.R. 310.528 was never meant to apply to dietary supplements like Rockhard. As such, Defendants' labeling claims could not have violated the regulation. For this reason, Plaintiff's UCL claim should be dismissed.

## VII.  PLAINTIFF'S WARRANTY CLAIMS FAIL

### A.  Plaintiff Fails To State A Claim For Breach Of Express Or Implied Warranty

A breach of express warranty claim under California law requires that a buyer prove that the seller: (1) made an affirmation of fact or promise; (2) the promise formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the buyer. *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1142 (N.D. Cal. 2010). "Unlike express

1   warranties, which are basically contractual in nature, the implied warranty of
2   merchantability arises by operation of law. . . . [D]efendants' liability for an implied
3   warranty does not depend upon any specific conduct or promise on their part, but
4   instead turns upon whether their product is merchantable under the code."[9] *Hauter*
5   *v. Zogarts* 14 Cal.3d 104 (1975) , 117.

6        In addition, "[t]o avoid dismissal of a breach of [express or implied] warranty
7   claim in California, a buyer must plead that notice of the alleged breach was
8   provided to the seller within a reasonable time." *Alvarez v. Chevron Corp.*, 656
9   F.3d 925, 932 (9th Cir. 2011) (internal quotations omitted); *see also* Cal. U. Com.
10  Code § 2607(3)(A). The purpose of giving notice of the breach is to allow the
11  breaching party to cure the breach and thereby avoid the necessity of litigating the
12  matter in court.   *Alvarez*, 656 F.3d at 932. Therefore, the Ninth Circuit has
13  construed Section 2607(3)(A) as requiring pre-suit notice. *Id.*

14       Here, Plaintiff does not allege facts showing he provided the requisite
15  ***reasonable*** notice to Defendants.   While Plaintiff alleges he sent a letter to
16  Defendant, it was not sent until August 21, 2013, more than two years after
17  Plaintiff's alleged purchase of the Rockhard product.   Because Plaintiff failed to
18  provide the mandatory pre-suit notice to Defendants within a reasonable time
19  frame, the breach of warranty claim fails as a matter of law, and the claim cannot be
20  cured by amendment. *Silvera v. Broadway Dept. Store*, 35 F. Supp. 625, 626-7
21  (S.D. Cal. 1940) (holding that a delay of seven months in notifying a seller of a
22  breach is not reasonable notice, and therefore barred the buyer's claims); *Davidson*
23  *v. Herring-Hall-Marvin Safe Co.*, 131 Cal.App. 2d Supp. 874 (1955) (holding that a

24

25  _____
26  [9] "Implied warranty of merchantability" means that the consumer goods meet each
    of the following: (1) Pass without objection in the trade under the contract
27  description; (2) Are fit for the ordinary purposes for which such goods are used; (3)
    Are adequately contained, packaged, and labeled; and (4) Conform to the promises
28  or affirmations of fact made on the container or label. Cal. Civ. Code §1791.1(a).

1  delay of six months is unreasonable as a matter of law).  Accordingly, the breach of

2  warranty claim should be dismissed with prejudice.

3      In addition, "[s]tatements that are puffery are not actionable under a theory of

4  breach of express warranty." *In re Clorox Consumer Litig.*, 894 F.Supp.2d 1224,

5  1235 (N.D. Cal.2012).  As demonstrated above, the statements that the Rockhard

6  product is a "Sexual Performance Enhancer for Men," is "Fast & Effective" and

7  achieves "RockHard Results" are vague and highly subjective claims as opposed to

8  detailed factual assertions. *See Haskell*, *supra*, 857 F.Supp. at 1399.  As such,

9  Plaintiff's breach of warranty claim fails as to these non-actionable statements.

10     **B.    Plaintiff Fails To State A Claim Under The Magnuson-Moss**

11          **Warranty Act**

12     The MMWA provides a consumer remedy to enforce the terms of an implied

13  or express warranty made in connection with the sale of a consumer product. *See* 15

14  U.S.C. §2310(d). The MMWA defines a written warranty as:

15          any written affirmation of fact or written promise made in
            connection with the sale of a consumer product by a
16          supplier to a buyer which relates to the nature of the
            material or workmanship and affirms or promises that
17          such material or workmanship is defect free or will meet a
            specified level of performance over a specified period of
18          time.

19  15 U.S.C. § 2301(6)(A).

20     Here, Plaintiff has not alleged facts to support a finding that the Rockhard

21  labels constitute written warranties under the MMWA.

22     Typically, claims regarding a product's nutrient contents constitute general

23  product descriptions rather than a promise that the product is defect-free. *See*

24  *Larsen v. Trader Joe's, LLC*, No. C-11-05188 SI, 2012 WL 5458396, at *3 (N.D.

25  Cal. June 14, 2012) (rejecting claim that the use of synthetic ingredients in food

26  labeled "all natural" rendered that food defective, reasoning the "deliberate use of

27  [synthetic] ingredients does not comport with the plain meaning of the word

28

'defect.'"). A product description does not constitute a written warranty under the MMWA. *See Anderson v. Jamba Juice Co.*, 2012 WL 3642835, at *3 (N.D. Cal. Aug. 25, 2012) (dismissing the plaintiff's Magnuson-Moss claim on the basis that representations on product labels are mere product descriptions that do not constitute written warranties under the Act.); *Brazil v. Dole Food Company, Inc.*, 2013 WL 1209955 at *17 (N.D. Cal. March 25, 2013) (misbranded labels did not constitute warranties).

## VIII. <u>THE COURT SHOULD DENY ANY REQUEST FOR LEAVE TO AMEND THE SAC</u>

To the extent Plaintiff requests leave to amend, the Court should deny that request. Plaintiff has filed three complaints now and failed to state any claim for relief. Plaintiff has made clear that he purchased only one product but cannot identify which representations he supposedly relied upon or any injury. Furthermore, none of the statements about which he complains are actionable. Therefore, it would be futile to grant Plaintiff leave to amend. *Schreiber Distributing Co. v. Serv–Well Furniture Co., Inc.*, 806 F2d 1393, 1401 (9th Cir. 1986) (leave to amend should be denied if the court determines that "allegation(s) of other facts consistent with the challenged pleading *could not possibly cure the deficiency*")(emphasis added); *see Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.*, 368 F3d 1053, 1061 (9th Cir. 2004) (dismissal without leave to amend proper where complaint could not be saved by any amendment ); *Albrecht v. Lund*, 845 F2d 193, 195–196 (9th Cir. 1988) (leave to amend proper where alleging more facts would not repair the defects in the complaint); *Abagninin v. AMVAC Chem. Corp.*, 545 F3d 733, 742 (9th Cir. 2008) (denial of leave to amend proper where allegations of other facts consistent with the challenged pleading could not cure the defect).

**ROCKHARD DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS/STRIKE/FOR MORE DEFINITIVE STATEMENT**

## IX.   PORTIONS OF THE SAC SHOULD BE STRICKEN

Rule 12(f) provides that a court "may order stricken from any pleading any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This provision allows the Court to dispense with spurious issues prior to trial to prevent waste of the Court's time and resources.  *See Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983) ("[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...."); *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F3d 970, 973–974 (9th Cir. 2010).

### A.   If Not Dismissed, Portions Of The SAC Should Be Stricken

To the extent the SAC is not dismissed in its entirety pursuant to FRCP 12(b)(1) or 12(b)(6), Defendants request, for the reasons elaborated above, that the Court strike those allegations regarding products that Plaintiff did not purchase, statements that constitute non-actionable puffery, the "all natural" labeling representation by which no reasonable consumer could be deceived, any statements that upon which Plaintiff claims lack of substantiation and Plaintiff's allegation that the Rockhard Weekend product is an unlawful aphrodisiac.

### B.   The Class Definition Should Be Stricken

In addition, class allegations may also be stricken at the pleading stage.  Rule 23(d)(1)(D) provides that "the court may make appropriate orders... requiring that the pleadings be amended to eliminate therefrom allegations as to representation of absent persons, and that the action proceed accordingly."  *See also Kamm v. Sugasawara,* 509 F.2d 205, 212 (9th Cir. 1975) (district court properly granted motion to dismiss and strike class allegations); *Palmer v. Combined Ins. Co. of Am.,* No. 02 C 1764, 2003 U.S. Dist. LEXIS 2534, *5 (N.D. Ill. Aug. 29, 2003) ("[I]t is sometimes possible to determine from the pleadings alone [the Rule 23] requirements cannot possibly be met, and in such cases, striking class allegations

1   before commencing discovery is appropriate."); *Manning v. Boston Med. Ctr. Corp.*

2   725 F3d 34 (1st Cir. 2013) , 59.  In this regard, Rule 23(d)(4) provides that "the

3   court may make appropriate orders ... requiring that the pleadings be amended to

4   eliminate therefrom allegations as to representation of absent persons, and that the

5   action proceed accordingly."

6       Here, the class definition should be stricken.  The class is defined as  "All

7   purchasers of the Rockhard Weekend Product, in all iterations/variations, sizes and

8   formulas, for personal or household use and not for resale, in California **and other**

9   **states with laws similar to California**" without identifying those other states.

10  SAC¶105 (emphasis added).  Plaintiffs drafted this language, no doubt, as a result

11  of *Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012), which

12  precludes application of California law to class members from states whose

13  consumer protection laws differ materially from California's.  But as the class

14  definition is drafted, Defendants have no idea which states are intended to be

15  covered by the lawsuit.  Is it 2 states?  Or 50?  Or some number in between?

16  Defendants are entitled notice of  the scope of the claims they are defending in

17  litigation.

18      Moreover, California law acknowledges that "every state has an interest in

19  having its law applied to its resident claimants." *Zinser v. Accufix Research Inst.,*

20  *Inc.*, 253 F.3d 1180, 1187 (9th Cir. 2001); *see also McCann v. Foster Wheeler LLC*,

21  48 Cal.4th  68, 91, 97 (2010)("a jurisdiction ordinarily has 'the predominant

22  interest' in regulating conduct that occurs within its borders" and each state has an

23  interest in setting the appropriate level of liability for companies conducting

24  business within its territories).[10]  Without knowing whether a conflict of laws exists

25  in this case, it is impossible to determine whether the interests of other states are

26  impaired.

27
_____

28  [10] Conversely, California's interest in applying its law to residents of foreign states is attenuated.  *See Edgar v. MITE Corp.*, 457 U.S. 624, 644 (1982).

# X. ALTERNATIVELY, PLAINTIFF MUST PROVIDE A MORE DEFINITE STATEMENT

Under Rule 12(e), the Court has broad discretion to order Plaintiff to provide a more definite statement where the complaint is "so vague or ambiguous" that Defendants "cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Trial courts have broad discretion to require amendment of the complaint to provide additional detail. *Warth v. Seldin*, 422 U.S. 490, 501-502 (1975). An order for a more definite statement serves the Court's and the parties' interests because, "[u]nless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) (holding that trial court should have instructed plaintiff's counsel to provide more definite statement).

If Plaintiff's class definition is not stricken pursuant to FRCP 12(f) and 23(d)(1)(D), then Plaintiff must provide a more definite statement. Plaintiff's class definition that includes consumers of the Rockhard product "in California and other states with laws similar to California" is too vague and ambiguous such that Defendants cannot reasonably respond to such an allegation. He must identify which states have consumer protection statutes similar to California's. In order for Defendants to be able to respond to the class allegations, for the issues to be clear and straightforward and for discovery to be controlled, Plaintiff must provide a more definite statement of his class definition.

## XI.   <u>CONCLUSION</u>

Based on the foregoing, Defendants respectfully requests that the Court dismiss Plaintiffs' Second Amended Complaint, with prejudice.

DATED:  July 1, 2014

BUCHALTER NEMER
A Professional Corporation


By:  _____
                /s/
        KALLEY R. AMAN
        SARAH A. SYED
Attorneys for Specially Appearing
Defendant JOSHUA MAURICE

BN 16539605v2

BUCHALTER NEMER
A Professional Corporation
LOS ANGELES

ROCKHARD DEFENDANTS' NOTICE OF MOTION AND MOTION TO
DISMISS/STRIKE/FOR MORE DEFINITIVE STATEMENT

# **CERTIFICATE OF SERVICE**

I, Sarah A. Syed, hereby certify that on this 1st day of July 2014, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:   _____/s/_____

Sarah A. Syed

-1-

CERTIFICATE OF SERVICE