1

**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (175650)

2
*ron@consumersadvocates.com*
SKYE RESENDES (278511)

3
*skye@consumersadvocates.com*
ALEXIS M. WOOD (270200)

4
*alexis@consumersadvocates.com*
651 Arroyo Drive

5
San Diego, California 92103
Telephone:   (619) 696-9006

6
Facsimile:   (619) 564-6665

7
***Counsel for Plaintiff and the Proposed Class***

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KENNY DORSEY, individually and on behalf of all others similarly situated and the general public,<br><br>            Plaintiff,<br><br>v.<br><br>ROCKHARD LABORATORIES, LLC, a Georgia Limited Liability Company; et al.,<br><br>            Defendants. | Case No:  2:13-cv-07557-DDP (RZx)<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT ROCKHARD LABORATORIES, LLC'S AND ROCKHARD LABORATORIES HOLDINGS, LLC'S MOTION TO DISMISS, MOTION TO STRIKE, AND MOTION FOR MORE DEFINITE STATEMENT REGARDING THE SECOND AMENDED COMPLAINT** |

# **TABLE OF CONTENTS**

I.    FACTUAL AND PROCEDURAL BACKGROUND ...............................................1

II.   STANDARD OF REVIEW .................................................................................1

III.  ARGUMENT ....................................................................................................2

    A. All of Plaintiff's Claims Sounding in Fraud are Pleaded with Particularity........2

    B. Plaintiff has Standing to Allege All Causes of Action in the SAC....................5

        i.   Plaintiff has pleaded reliance and injury in fact to establish standing............5

        ii.  At class certification, Plaintiff may permissibly assert claims on behalf of
           persons who purchased products with substantially similar advertising ........7

    C. The Challenged Marketing Claims Are Not Puffery ...........................................9

        i.   Puffery must be analyzed as a whole, and the Court should not
           parse RHW's overall advertising claims into stand-alone phrases...............10

        ii.  The challenged advertising, taken together and in context,
           is not sales puffing...................................................................................10

    D. The Phrase "All-Natural" is Actionable...........................................................13

    E. The Complaint Alleges False Advertising, Not Lack of Substantiation............16

    F. The SAC Alleges Defendants Engaged in Unfair Conduct ...............................17

    G. The Cited FDCA Regulations Apply to RHW...................................................19

    H. Plaintiff's Express and Implied Warranty Claims are Adequately Pleaded ......20

    I.  Plaintiff Adequately Pleaded his MMWA Claim ..............................................21

    J.  Allegations in the SAC Should Not be Stricken ...............................................22

    K. Plaintiff is Not Required to Provide a More Definite Statement .......................24

    L.  Leave to Amend Should be Permitted...............................................................25

IV.   CONCLUSION.................................................................................................25

i

# TABLE OF AUTHORITIES

**Cases**

*Aaronson v. Vital Pharms., Inc.*,
   09-CV-1333 W (CAB), 2010 WL 625337 (S.D. Cal. Feb. 17, 2010) ...........................21

*Allen v. Hyland's Inc.*,
   CV 12-01150 DMG MANX, 2013 WL 1748408 (C.D. Cal. Apr. 11, 2013)...............22

*Am. Home Prods. Corp. v. F.T.C.*,
   695 F.2d 681 (3d Cir. 1982) ...................................................................................11

*Anderson v. Jamba Juice Co.*,
   888 F. Supp. 2d 1000 (N.D. Cal. 2012) ..................................................................8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...............................................................................................2

*Astiana v. Dreyer's Grand Ice Cream, Inc.*,
   No. 11-2910, 2012 WL 2990766 (N.D. Cal. 2012) ..............................................8, 9

*Autodesk, Inc. v. Dassault Sys. Solidworks Corp.*,
   685 F. Supp. 2d 1001 (N.D. Cal. 2009) ..................................................................12

*Baltazar v. Apple, Inc.*,
   CV-10-3231-JF, 2011 WL 3795013 (N.D. Cal. Aug. 26, 2011) ...............................12

*Beery v. Hitachi Home Elects. (Am.), Inc.*,
   157 F.R.D. 477 (C.D. Cal. 1993) ............................................................................24

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...............................................................................................2

*Bias v. Wells Fargo & Co.*,
   942 F. Supp. 2d 915 (N.D. Cal. 2013) ..............................................................17, 18

*Boysen v. Walgreen Co.*,
   C 11-06262 SI, 2012 WL 2953069 (N.D. Cal. July 19, 2012) ...................................7

*Brockey v. Moore*,
   107 Cal. App. 4th 86 (Cal. App. 2003) ..................................................................13

*Bruno v. Quten Research Inst., LLC*,
   280 F.R.D. 524 (C.D. Cal. 2011) ......................................................................7, 8, 9

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,
   637 F.3d 1047 (9th Cir. 2011).................................................................................5

*Castrol, Inc. v. Pennzoil Co.*,
   987 F.2d 939 (3d Cir. 1993)...................................................................................12

ii

*Clancy v. The Bromley Tea Co.*,
   12-CV-03003-JST, 2013 WL 4081632 (N.D. Cal. Aug. 9, 2013)................................24

*Clemens v. DaimlerChrysler Corp.*,
   534 F.3d 1017 (9th Cir. 2008)....................................................................................22

*Clorox Co. P.R. v. P&G*,
   228 F.3d 24 (1st Cir. 2000) ........................................................................................12

*Colucci v. ZonePerfect Nutrition Co.*,
   12-2907-SC, 2012 WL 6737800 (N.D. Cal. Dec. 28, 2012).....................................8, 9

*Conley v. Gibson*,
   355 U.S. 41 (1957) .......................................................................................................2

*Consumer Advocates v. Echostar Satellite Corp.*,
   113 Cal. App. 4th 1351 (2003)...................................................................................12

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*,
   911 F.2d 242 (9th Cir. 1990) ..........................................................................10, 11, 12

*Cuisinarts, Inc. v. Robot–Coupe Int'l Corp.*,
   No. 81 CIV 731(CSH), 1982 WL 121559 (S.D.N.Y. June 9, 1982) ...........................10

*Davis v. Ford Motor Credit Co.*,
   179 Cal. App. 4th 581 (Cal.Ct.App.2009) ..................................................................17

*Davis v. HSBC Bank Nevada, N.A.*,
   691 F.3d 1152 (9th Cir. 2012)....................................................................................17

*DCD Programs, Ltd. v. Leighton*,
   833 F.2d 183 (9th Cir. 1987) ......................................................................................25

*Delacruz v. Cytosport, Inc.*,
   C 11-3532 CW, 2012 WL 1215243 (N.D. Cal. Apr. 11, 2012)...................................10

*Donohue v. Apple, Inc.*,
   871 F. Supp. 2d 913 (N.D. Cal. 2012) ........................................................................24

*Dyson, Inc. v. Oreck Corp.*,
   No. 07-9633, 2009 U.S. Dist. LEXIS 19097 (E.D. La. Mar. 4, 2009) ........................12

*Edgar v. MITE Corp.*,
   457 U.S. 624 (1982) ...................................................................................................24

*Eminence Capital, L.L.C. v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003).....................................................................................25

*F.T.C. v. Direct Mktg. Concepts, Inc.*,
   569 F. Supp. 2d 285 (D. Mass. 2008)..........................................................................16

iii

*Famolare, Inc. v. Edison Bros. Stores, Inc.*,
  525 F. Supp. 940, 949 (E.D. Cal. 1981) ..........................................................24

*Fisher v. Monster Beverage Corp.*,
  EDCV 12-02188-VAP, 2013 WL 4804385 (C.D. Cal. July 9, 2013) ..........................12

*FRA S.p.A v. Surg–O–Flex of Am.*,
  415 F. Supp. 421 (S.D.N.Y. 1976) ..................................................................24

*Gilligan v. Jamco Dev. Corp.*,
  108 F.3d 246 (9th Cir. 1997) ........................................................................2

*Greenman v. Yuba Power Prods.*,
  59 Cal.2d 57 (1963) ...................................................................................21

*Hairston v. S. Beach Beverage Co., Inc.*,
  CV 12-1429-JFW DTBX, 2012 WL 1893818 (C.D. Cal. May 18, 2012) ....................14

*Hansen Beverage Co. v. Vital Pharm., Inc.*,
  No. 08–CV–1545–IEG (POR), 2010 WL 1734960 (S.D. Cal. Apr. 27, 2010) ............16

*Harmon v. Hilton Group*,
  No. C–11–03677 JCS, 2011 WL 5914004 (N.D.Cal. Nov. 28, 2011)...................17, 18

*Haskell v. Time, Inc.*,
  857 F. Supp. 1392 (E.D. Cal. 1994) ................................................................12

*Hinojos v. Kohl's Corp.*,
  718 F.3d 1098 (9th Cir. 2013) ........................................................................6

*In re Clorox Consumer Litig.*,
  894 F. Supp. 2d 1224 (N.D. Cal. 2012) ...........................................................23

*In re Ferrero Litig.*,
  794 F. Supp. 2d 1107 (S.D. Cal. 2011) .........................................................5, 11

*In re iPhone 4S Consumer Litig.*,
  C 12-1127 CW, 2013 WL 3829653 (N.D. Cal. July 23, 2013) ...............................24

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Tel. Litig.*,
  758 F. Supp. 2d 1077 (S.D. Cal. 2010) ............................................................12

*In re Tobacco II Cases*,
  46 Cal. 4th 298 (2009)..............................................................................4, 6

*In re Toyota Motor Corp. Unintended Acceleration Mktg.,*
  *Sales Practices & Prods. Liab. Litig.*,
  754 F. Supp. 2d 1145 (C.D. Cal. 2010)............................................................21

iv

*Janney v. Mills*,
   944 F. Supp. 2d 806 (N.D. Cal. 2013) ............................................................................3

*K & N Eng'g, Inc. v. Spectre Performance*,
   EDCV 09-01900-VAP, 2011 WL 4387094 (C.D. Cal. Sept. 20, 2011) ......................10

*Kamm v. Sugasawara*,
   509 F.2d 205 (9th Cir. 1975) ......................................................................................24

*Kane v. Chobani, Inc.*,
   12-CV-02425-LHK, 2013 WL 5289253 (N.D. Cal. Sept. 19, 2013)......................5, 8, 9

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009)........................................................................................2

*Keegan v. Am. Honda Motor Co.*,
   838 F. Supp. 2d 929 (C.D. Cal. 2012) ..........................................................................21

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005) ........................................................................................2

*Koehler v. Litehouse, Inc.*,
   CV 12-04055 SI, 2012 WL 6217635 (N.D. Cal. Dec. 13, 2012)....................................8

*Koh v. S.C. Johnson & Son, Inc.*,
   C-09-00927 RMW, 2010 WL 94265 (N.D. Cal. Jan. 6, 2010) ...............................7, 8, 9

*Kwikset Corp. v. Sup. Ct.*,
   51 Cal. 4th 310 (2011)...............................................................................................6, 9

*Lazar v. Trans Union LLC*,
   195 F.R.D. 665 (C.D. Cal.2000) ..................................................................................23

*Linear Tech. Corp. v. Applied Materials, Inc.*,
   152 Cal. App. 4th 115 (2007).......................................................................................13

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ......................................................................................................5

*Mazza v. Am. Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012).................................................................................5, 23

*McCann v. Foster Wheeler LLC*,
   48 Cal. 4th 68 (2010)...................................................................................................24

*Morgan v. Wallaby Yogurt Co., Inc.*,
   13-CV-00296-WHO, 2013 WL 5514563 (N.D. Cal. Oct. 4, 2013)..............................15

*Morrison v. TriVita, Inc.*,
   12-CV-1387 BEN BLM, 2013 WL 1148070 (S.D. Cal. Mar. 19, 2013).........................5

v

*Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.*,
    107 Cal. App. 4th 1336 (2003)..................................................................16, 17

*Nat'l Rural Telecomm. Co-op. v. DIRECTV, Inc.*,
    319 F. Supp. 2d 1059 (C.D. Cal. 2003)...........................................................18

*Newcal Indus. v. Ikon Office Solution*,
    513 F.3d 1038 (9th Cir. 2008)..........................................................................11

*Paulsen v. CNF, Inc.*,
    391 F. Supp. 2d 804 (N.D. Cal. 2005) ..............................................................2

*Pelayo v. Nestle USA*,
    989 F. Supp. 2d 973 (C.D. Cal. 2013)..............................................................14

*Peviani v. Natural Balance, Inc.*,
    774 F. Supp. 2d 1066 (S.D. Cal. 2011) .......................................................12, 13

*Pirozzi v. Apple Inc.*,
    913 F. Supp. 2d 840 (N.D. Cal. Dec. 20, 2012) ................................................7

*Pizza Hut, Inc. v. Papa John's Int'l, Inc.*,
    227 F.3d 489 (5th Cir. 2000) ...........................................................................12

*Rexall Sundown, Inc. v. Perrigo Co.*,
    651 F.Supp.2d 9 (E.D.N.Y. 2009)....................................................................16

*Rikos v. Proctor & Gamble Co.*,
    782 F. Supp. 2d 522 (S.D. Ohio 2011).............................................................16

*Rooney v. Cumberland Packing Corp.*,
    12-CV-0033-H DHB, 2012 WL 1512106 (S.D. Cal. Apr. 16, 2012) ...............15

*Samet v. Procter & Gamble Co.*,
    5:12-CV-01891 PSG, 2013 WL 3124647 (N.D. Cal. June 18, 2013) ................5

*SEC v. Sands*,
    902 F. Supp. 1149 (C.D.Cal.1995)....................................................................23

*Semegen v. Weidner*,
    780 F.2d 727 (9th Cir. 1985) .............................................................................3

*Southland Sod Farms v. Stover Seed Co.*,
    108 F.3d 1134 (9th Cir. 1997)......................................................................10, 11

*Stearns v. Select Comfort Retail Corp.*,
    08-2746 JF, 2009 WL 1635931 (N.D. Cal. June 5, 2009) ...............................13

*Stearns v. Select Comfort Retail Corp.*,
    763 F. Supp. 2d 1128 (N.D. Cal. 2010) .......................................................23, 25

vi

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) .......................................................................3

*Tarmann v. State Farm Mut. Auto. Ins. Co.*,
    2 Cal. App. 4th 153 (1991) ..........................................................................3

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) .....................................................................3

*Werdebaugh v. Blue Diamond Growers*,
    12-CV-02724-LHK, 2013 WL 5487236 (N.D. Cal. Oct. 2, 2013) ...............23

*Williams v. Gerber Prods. Co.*,
    552 F.3d 934 (9th Cir. 2008) ..............................................4, 11, 13, 14, 15

*Won Kyung Hwang v. Ohso Clean, Inc.*,
    C-12-06355 JCS, 2013 WL 1632697 (N.D. Cal. Apr. 16, 2013) .................23

*Zinser v. Accufix Research Inst., Inc.*,
    253 F.3d 1180 (9th Cir. 2001) ...................................................................24

*Zupnik v. Tropicana Prods., Inc.*,
    CV 09-6130 DSF RZX, 2010 WL 6090604 (C.D. Cal. Feb. 1, 2010) ...........4


**Statutes and Regulations**

15 U.S.C. § 2301 ...............................................................................................1

15 U.S.C. § 2302(a) .........................................................................................22

15 U.S.C. § 2310(d)(1).....................................................................................22

21 C.F.R. § 201.128 ...................................................................................19, 20

21 C.F.R. § 310.528 .........................................................................................20

21 U.S.C. § 2301(6)(A).....................................................................................22

21 U.S.C. § 343(r)(6)(B) ...................................................................................20

21 U.S.C. § 352 ................................................................................................18

21 U.S.C. § 355(a) ......................................................................................19, 20

21 U.S.C. § 355(b) ...........................................................................................19

21 U.S.C. § 355(j) ............................................................................................19

21 U.S.C. § 355(p) ...........................................................................................19

Cal. Bus. & Prof. Code § 17200 ........................................................................1

vii

Cal. Bus. & Prof. Code § 17204 ................................................................5

Cal. Bus. & Prof. Code § 17500 ................................................................1

Cal. Bus. & Prof. Code § 17535 ................................................................5

Cal. Civ. Code § 1750 ...............................................................................1

Cal. Com. Code § 2607(3)(A) ..................................................................21

Cal. Health & Safety Code § 110100 ......................................................18

Cal. Health & Safety Code § 110105 ......................................................18

Cal. Health & Safety Code § 110110 ......................................................18

Cal. Health & Safety Code § 110111 ......................................................18

Cal. Health & Safety Code § 110290 ......................................................10

**Rules**

Fed. R. Civ. P. 8(a)(2) ...............................................................................1

Fed. R. Civ. P. 9(b) .................................................................................2, 4

Fed. R. Civ. P. 12(b)(6) .............................................................................2

Fed. R. Civ. P. 12(e) ................................................................................24

Fed. R. Civ. P. 12(f) ...........................................................................22, 23

Fed. R. Civ. P. 15(a) ..................................................................................1

*Dorsey v. RockHard Laboratories, LLC*, Case No:  2:13-cv-07557-DDP (RZx)
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff Kenny Dorsey, on behalf of himself, all others similarly situated, and the general public, opposes Defendants RockHard Laboratories, LLC's and RockHard Laboratories Holdings, LLC's Motion to Dismiss, Motion to Strike and Motion for More Definite Statement.  The facts alleged, taken as true for purposes of this Motion, set forth plausible claims.  The Court should therefore deny the Motion in its entirety.  In the alternative, the Court should grant Plaintiff leave to amend under the liberal pleading standard set forth in Federal Rule of Civil Procedure 15(a).

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On October 11, 2013, Plaintiff Kenny Dorsey filed the initial Complaint in this matter, alleging a putative class action against Defendants RockHard Laboratories, LLC and RockHard Laboratories Holdings, LLC, the manufacturers, marketers and sellers of the male sexual enhancement product called RockHard Weekend (the Product or RHW) for violation of California's consumer fraud statutes.  *See* Dkt. # 1.  On February 28, 2014, Plaintiff filed his First Amended Complaint (FAC).  *See* Dkt. # 13.  Defendants did not appear until after the FAC was filed.  *See* Dkt. # 18.  The parties stipulated to the filing of the Second Amended Complaint (SAC) on June 10, 2014.  *See* Dkt. # 30 & 32.  The SAC contains allegations arising under the Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200 *et seq.*, False Advertising Law (FAL), Cal. Bus. & Prof. Code §§ 17500 *et seq.*, Consumer Legal Remedies Act (CLRA), Cal. Civ. Code §§ 1750 *et seq.*, and the Magnuson-Moss Warranty Act (MMWA), 15 U.S.C. §§ 2301 *et seq.*  *See* ¶¶ 113-142; 154-163.[1]  The SAC also alleges Breach of Express Warranty and Breach of the Implied Warranty of Merchantability.  ¶¶ 143-153.

## II.   STANDARD OF REVIEW

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and grounds upon which it rests."  Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v.*

---

[1] All citations to the SAC are designated as ¶ ___.

*Dorsey v. RockHard Laboratories, LLC*, Case No:  2:13-cv-07557-DDP (RZx)
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

*Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*") (quoting *Conley v. Gibson*, 355 U. S. 41, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("*Iqbal*") (quoting *Twombly*, 550 U.S. at 570). Where the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the claims are facially plausible. *Id.* at 678 (citing *Twombly*, 550 U.S at 555). Claims are also facially plausible if the pleader alleges "enough fact to raise a reasonable expectation that discovery will reveal evidence" of the plaintiff's claim. *Twombly*, 550 U.S. at 556.

A Rule 12(b)(6) motion only tests the sufficiency of the complaint and not any extrinsic evidence. *Paulsen v. CNF, Inc.*, 391 F. Supp. 2d 804, 807 (N.D. Cal. 2005). The court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Motions to dismiss under Rule 12(b)(6) are "viewed with disfavor" and "rarely granted." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

## III.   ARGUMENT

Construing all facts in the light most favorable to the non-moving party, this Court should deny Defendant's Motion to Dismiss the SAC for the following reasons.

**A.   All of Plaintiff's Claims Sounding in Fraud are Pleaded with Particularity**

A complaint is sufficiently plausible when its facts rise "above mere speculative level." *Twombly*, 550 U.S. at 570. Claims sounding in fraud or mistake are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). To satisfy the heightened standard under Rule 9(b), the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just

2

deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).  Thus, claims sounding in fraud must allege "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (internal quotation marks omitted).

"When claims under the CLRA, UCL, and FAL are based on a manufacturer's alleged misrepresentations about a product's characteristics, those claims sound in fraud and Rule 9(b) applies." *Janney v. Mills*, 944 F. Supp. 2d 806, 817 (N.D. Cal. 2013) (internal citations omitted).  "A plaintiff may choose not to allege a unified course of fraudulent conduct in support of a claim, but rather to allege some fraudulent and some non-fraudulent conduct." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003).  "In such cases, only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements." *Id.*  "The rule does not require that allegations supporting a claim be stated with particularity when those allegations describe non-fraudulent conduct." *Id.*  Here, the gravamen of Plaintiff's fraudulent CLRA, UCL and FAL claims centers upon Defendants' marketing, promotion and sale of the Product as false and deceptive to a reasonable consumer.  ¶¶ 15-70.  The SAC alleges sufficient facts as to "who, what, when, and where," so that Defendants are apprised of the basis of Plaintiff's fraud claims and can defend against them.  *See Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991).

First, the SAC identifies the parties, the specific Product Plaintiff purchased, when Plaintiff purchased it, where he purchased it, and the cost of the Product.  ¶ 25.  Second, the SAC incorporates the advertising Plaintiff saw and relied upon, states when he was exposed to Defendants' advertising, and identifies specific false and deceptive labeling claims with quotation marks for the Product purchased.  *Id.*; ¶ 26 & Ex. A.

Third, the SAC specifies why Defendants' advertising is likely to deceive a reasonable consumer, even if true.  ¶¶ 3, 41 ("None of the ingredients in any iteration of [the Product] . . .will enhance male sexual performance"); ¶¶ 23, 35-36 (claims that

*Dorsey v. RockHard Laboratories, LLC*, Case No: 2:13-cv-07557-DDP (RZx)
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Product is "all natural" are misleading and false because the Product contains ingredients that are synthetic, chemically reduced and/or have carcinogenic properties); ¶¶ 39-41 (claims that Product is "Doctor Tested" and "Doctor Approved" are false and deceptive because "Defendants have not and cannot cite to any research studies or unsolicited endorsements of RHW by medical doctors, nor is RHW used in clinical settings for the treatment of male impotence or any other condition."); ¶¶ 24, 43-47 (Product is unlawfully labeled, represented, and/or promoted for use as over-the-counter aphrodisiac in violation of 21 C.F.R. § 310.528, and such labeling claims have not been approved by the FDA prior to RHW being marketed to the public); ¶¶ 28-47 (setting forth detailed reasons why advertising is false or deceptive, with citation to authority).

Fourth, and most importantly, the SAC includes the Product's challenged labeling at Exhibit A. *See Zupnik v. Tropicana Prods., Inc.*, CV 09-6130 DSF RZX, 2010 WL 6090604, at *2 (C.D. Cal. Feb. 1, 2010) (finding complaint, detailing representations and why they were false, including attaching the labels, complied with Rule 9(b)). The "primary evidence in a false advertising case is the advertising itself." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (citation omitted).

In addition to these allegations, the SAC further states "Defendants primarily advertise and promote RHW through uniform labeling claims" ¶ 17, and that the "Product is also the subject of an extensive and comprehensive marketing campaign in various media including the internet." ¶ 18. As such, the Product's challenged claims are identical, regardless of the advertising medium deployed by Defendants in communicating their sales message to Plaintiff and other consumers. Accordingly, any argument Defendants have with respect to Plaintiff's failure to plead specific facts regarding what he saw or relied on in purchasing the Product is unavailing. *See In re Tobacco II Cases*, 46 Cal. 4th 298, 328 (2009) (under the reality of advertising psychology, a reasonable consumer will not recall every detail of an advertising campaign but will nonetheless be influenced by it, such as "where…a plaintiff alleges exposure to a long-term advertising campaign, [in which case,] the plaintiff is not

4

*Dorsey v. RockHard Laboratories, LLC*, Case No: 2:13-cv-07557-DDP (RZx)
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

required to plead with an unrealistic degree of specificity that the plaintiff relied on particular advertisements or statements."). In sum, the allegations in the SAC are plausible, and are pleaded with sufficient particularity.[2]

**B.** **Plaintiff has Standing to Allege All Causes of Action in the SAC**

Article III standing requires that: (1) the party invoking federal jurisdiction has suffered some actual or threatened injury; (2) the injury must be fairly traceable to the challenged conduct; and (3) a favorable decision would likely redress or prevent the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992); *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012) (citing U.S. Const., art. III). (internal citations omitted). Although Defendants claim to be raising Article III standing, their Motion actually challenges both statutory and constitutional standing. *See Morrison v. TriVita, Inc.*, 12-CV-1387 BEN BLM, 2013 WL 1148070, at *2-3 (S.D. Cal. Mar. 19, 2013) (discussing difference). But Defendants are wrong on all counts.

*i.* *Plaintiff has pleaded reliance and injury in fact to establish standing*

"In order to assert a claim under the UCL or FAL, a person must have suffered injury in fact and have lost money or property as a result of such unfair competition." *In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1111-12 (S.D. Cal. 2011) (citing Cal. Bus. & Prof. Code §§ 17204, 17535). "Therefore, actual reliance is required to have standing to

---

[2] Defendants' authority further supports this point and does not, as Defendants contend, stand for the proposition that Plaintiff must plead his "subjective understanding" of the challenged labeling claims "at the time he allegedly purchased the product, how those subjective understandings were shared by the reasonable consumer, and how his expectations were frustrated." Mot. at 4:25-28 to 5:1. *See Kane v. Chobani, Inc.*, 12-CV-02425-LHK, 2013 WL 5289253, at *4 (N.D. Cal. Sept. 19, 2013) ("claims sounding in fraud must allege an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations. . . [and] must set forth what is false or misleading about a statement, and why it is false."); *Samet v. Procter & Gamble Co.*, 5:12-CV-01891 PSG, 2013 WL 3124647, at *8 (N.D. Cal. June 18, 2013) (same); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (same).

*Dorsey v. RockHard Laboratories, LLC*, Case No: 2:13-cv-07557-DDP (RZx)
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

sue under the UCL or FAL."  *Id.* (citing *Kwikset Corp. v. Sup. Ct.*, 51 Cal. 4th 310, 326–27 (2011) and *In re Tobacco II*, 46 Cal. 4th at 306 (plaintiff "proceeding on a claim of misrepresentation as the basis of his or her UCL action must demonstrate actual reliance on the allegedly deceptive or misleading statements, in accordance with well-settled principles regarding the element of reliance in ordinary fraud actions.")).  "In addition, actual reliance is required to have standing to sue under the CLRA."  *Id.* at 1110.

Here, Plaintiff has sufficiently alleged constitutional and statutory standing because he reviewed the Product's packaging claims and would not have purchased the Product but for its advertising.  ¶¶ 25-26, 53-55, 57-59, 65-68.  Plaintiff also alleges why the advertising is false or deceptive.  ¶¶ 21-24, 28-52.  The Ninth Circuit has ruled this is sufficient to establish standing.  *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1105 (9th Cir. 2013) (finding that where a plaintiff "alleges that he would not have purchased the goods in question absent this misrepresentation," economic injury for standing is present).

Defendants also claim that Plaintiff must demonstrate he was allegedly deceived, and either paid a premium for the product, or would have purchased an alternate product to establish injury in fact.  Mot. 7:9-15.  But this is not the applicable standard.  As the Ninth Circuit recently made clear, all that is necessary for statutory standing under the consumer fraud statutes in this case is to allege that but for the misrepresentations, the plaintiff would not have purchased the product.  *Hinojos*, 718 F.3d at 1105.  While *Hinojos* concerned a false pricing scheme, for standing, a plaintiff need only allege how they were harmed, but need not plead a specific measure of their loss.  *Id.* (citing *Kwikset Corp.*, 51 Cal. 4th at 328, n.15 ("Because the issue here is only the threshold matter of standing, not whether and how much to award in restitution, a specific measure of the amount of [the alleged] loss is not required.")).  Here, Plaintiff specifically pleaded how he was harmed, through purchase of a product that was falsely or deceptively advertised, and that he suffered economic loss because he would not have bought the Product but for its advertising claims.  ¶¶ 25-26, 52, 57, 60, 123, 133, 138.  This is sufficient for statutory and constitutional standing.  *See id.*; *Hinojos*, 718 F.3d at 1105; *Mazza*, 666 F.3d at 595

6

*Dorsey v. RockHard Laboratories, LLC*, Case No:  2:13-cv-07557-DDP (RZx)
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1   ("To the extent that class members were relieved of their money by Honda's deceptive
2   conduct—as Plaintiffs allege—they have suffered an 'injury in fact.'") (referring to Art.
3   III standing).[3]

4       *ii.   At class certification, Plaintiff may permissibly assert claims on behalf of
5       persons who purchased products with substantially similar advertising*

6   Defendants ask the Court to determine a class issue – whether Plaintiff can represent
7   purchasers of other iterations of the Product– even before a class certification motion has
8   been made.  Defendants' argument is improper.  Whether a named plaintiff has standing
9   to represent purchasers of other products is an issue reserved for class certification, and
10  should not be decided on a motion to dismiss.  *See*, *e.g.*, *Bruno v. Quten Research Inst.,*
11  *LLC*, 280 F.R.D. 524, 530 (C.D. Cal. 2011):

12      District courts in California routinely hold that the issue of whether a class
13      representative may be allowed to present claims on behalf of others who
        have similar, but not identical, interests depends not on standing, but on an
14      assessment of typicality and adequacy of representation." (internal quotation
15      marks and citations omitted) . . . Treatises and other circuits reach the same
        conclusion.
16
17  *See also Koh v. S.C. Johnson & Son, Inc.*, C-09-00927 RMW, 2010 WL 94265, at *3
18  (N.D. Cal. Jan. 6, 2010) (refusing to consider scope of class until Rule 23 briefing, and
19  holding "there is no brightline rule that different product lines cannot be covered by a
20  single class"); *see also Koehler v. Litehouse, Inc.*, CV 12-04055 SI, 2012 WL 6217635,

21  _____

22  [3] The cases Defendants cite (Mot. 7:15-22) further support this point.  *See Pirozzi v.*
23  *Apple Inc.*, 913 F. Supp. 2d 840, 846-847 (N.D. Cal. Dec. 20, 2012) ("Plaintiff fails to
    allege specifically which statements she found material to her decision to purchase . . .
24  [and] [b]ased on the failure to allege these facts, Plaintiff has not suffered an injury-in-
    fact that is caused by the complained of conduct.").  Here, Plaintiff alleged which
25  statements he relied on, that they were material to his purchase, causing him economic
26  harm.  ¶¶ 25-26, 52, 57, 60, 123, 133, 138.  In *Boysen v. Walgreen Co.*, C 11-06262 SI,
27  2012 WL 2953069, at *4 (N.D. Cal. July 19, 2012), the plaintiffs did not rely on any
    statement that the fruit juice did not contain a harmful chemical, which is wholly unlike
28  the facts in this case.  *See* ¶ 26.

7

*Dorsey v. RockHard Laboratories, LLC*, Case No:  2:13-cv-07557-DDP (RZx)
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

at *5 (N.D. Cal. Dec. 13, 2012) (holding that "treatises and the vast majority of persuasive authority indicate that ... the issue of whether a class representative may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation."). Accordingly, while Defendants frame the issue as one of standing, it is in fact a Rule 23 issue and should not be decided until typicality and adequacy are briefed for this Court. *See id.*; *Bruno*, 280 F.R.D. at 530; *Koh*, 2010 WL 94265, at *3.[4]

Here, Plaintiff is challenging a male sexual enhancement product known as RockHard Weekend. ¶ 15. Although Defendants have modified the Product's formula slightly over the years, the overall message of Defendants' label advertising is still the same—that the Product will enhance male sexual performance. ¶¶ 16, 21-22. Specifically, versions of the Product's packaging and/or labeling share the following claims: "RockHard Weekend" and "Sexual Performance Enhancer for Men," "Sexual

---

[4] Even if the Court were to consider the issue prematurely, under the misnomer of standing, "[t]he majority of the courts that have carefully analyzed the question hold that a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar [to those purchased]." *Kane v. Chobani, Inc.*, No. 12-2425, 2013 WL 5289253, at *10 (N.D. Cal. Sept. 19, 2013) (citing *Miller*, 912 F. Supp. 2d at 869 (listing cases)); *see also Koh*, 2010 WL 94265, at *3. Factors courts consider, at the class certification stage, are: "[1] whether the challenged products are of the same kind, [2] whether they are comprised of largely the same ingredients, and [3] whether each of the challenged products bears the same alleged mislabeling." *Colucci v. ZonePerfect Nutrition Co.*, 12-2907-SC, 2012 WL 6737800, at *4 (N.D. Cal. Dec. 28, 2012). Many courts have found substantial similarities among challenged products that make uniform labeling claims, but contain different ingredients. *See id.* (holding substantial similarities existed between nutrition bars where six of nine challenged ingredients appeared in all nutrition bars at issue, and all the products bore the same "All-Natural" label); *Astiana v. Dreyer's Grand Ice Cream, Inc.*, No. 11-2910, 2012 WL 2990766, at *11-13 (N.D. Cal. 2012) (finding challenged ice cream products substantially similar because even though products had different ingredients, plaintiffs were challenging the same basic mislabeling practice across different product flavors); *Anderson v. Jamba Juice Co.*, 888 F. Supp. 2d 1000, 1006 (N.D. Cal. 2012) (plaintiff had standing to bring claims regarding other smoothie kit flavor purchasers because "same alleged misrepresentation was on all of the smoothie kit[s] regardless of flavor").

*Dorsey v. RockHard Laboratories, LLC*, Case No: 2:13-cv-07557-DDP (RZx)
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Performance Pill for Men" or "the 72-Hour Sexual Performance Pill for Men." *See* ¶¶ 22, 26 & Ex. A.   In addition, several iterations of the Product contain overlapping ingredients, such as Horny Goat Weed, Korean Ginseng, and Maca Root Extract.   SAC, Ex. B.   Thus, at the appropriate time, Plaintiff could establish typicality and adequacy under Rule 23 to represent purchasers of other products because he is challenging the same bases of misrepresentation – efficacy and unlawful aphrodisiac allegations for male sexual enhancement products. *See Astiana*, 2012 WL 2990766, at *11-13; *Colucci*, 2012 WL 6737800, at *4; *Koh*, 2010 WL 94265, at *3; *Kane*, 2013 WL 5289253, at *10.   But the time to decide this issue is not during a Rule 12 motion, but on Rule 23 briefing. *See Bruno*, 280 F.R.D. at 530; *Koh*, 2010 WL 94265, at *3.

## C.     The Challenged Marketing Claims Are Not Puffery

Defendants contend RHW's advertising constituted puffery, for which it may not be held liable.   But Defendants are mistaken.   As a threshold matter, Defendants' puffery arguments are misplaced.   Consumer protection statutes such as the CLRA, UCL and FAL do not look to whether a statement is opinion, puffery, or prediction of future events, because the claims are not based on reliance on specific representations alleged to be false, but instead on the allegedly deceptive effect on consumers that results from a defendant's marketing. *See Kwikset Corp.*, 51 Cal. 4th at 328 ("Simply stated: labels matter. The marketing industry is based on the premise that labels matter, that consumers will choose one product over another similar product based on its label and various tangible and intangible qualities they may come to associate with a particular source."). In *Kwikset*, the defendant claimed it did not matter that their locks said "Made in the USA" because no one could have relied on that fact when purchasing a lock.   In other words, a lock is still a lock, no matter where it is made.   The California Supreme Court disagreed, noting that statutory consumer protection claims, such as the CLRA and UCL, do not concern themselves with a consumer's reliance on a particular claim, but instead focus on the effect to the general public, including a defendant's competitors, that results from false or misleading marketing claims. *Id.*

*Dorsey v. RockHard Laboratories, LLC*, Case No: 2:13-cv-07557-DDP (RZx)
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

i.      *Puffery must be analyzed as a whole, and the Court should not parse RHW's overall advertising claims into stand-alone phrases*

In reviewing advertising claims for puffery, the Court must look at all of the advertising claims as a whole, not singled out phrases, and must consider all of the statements in context with other statements on the package.[5]  *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 245 (9th Cir. 1990); *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997) ("When evaluating whether an advertising claim is literally false, the claim must always be analyzed in its full context."); *Cuisinarts, Inc. v. Robot–Coupe Int'l Corp.*, No. 81 CIV 731(CSH), 1982 WL 121559, *2 (S.D.N.Y. June 9, 1982) ("[I]n determining facial falsity the court must view the face of the statement in its entirety, rather than examining the eyes, nose, and mouth separately and in isolation from each other.").

This is particularly true in the context of food or drug advertising under the laws applicable to these types of products.  Under the Sherman Law, "[i]n determining whether the labeling or advertisement of a food, drug, device, or cosmetic is misleading, *all representations* made or suggested by the statement, word, design, device, sound, or any combination of these, shall be taken into account."  Cal. Health & Safety Code § 110290; ¶¶ 49-51.  The Court should therefore reject Defendants' attempt to have their Product's advertising claims weighed individually.  *See* Mot. 11:16-18 (singling out advertising claims and omitting others, including express and implied advertising as noted, *e.g.*, at ¶¶ 33, 37, 38).

ii.      *The challenged advertising, taken together and in context, is not sales puffing*

Even if a puffery defense was appropriate for Plaintiff's statutory claims, Defendants' advertising does not consist of puffery.  Puffery is sales hyperbole that is

---

[5] The case law cited by Defendants in their Motion further supports this point.  *See Delacruz v. Cytosport, Inc.*, C 11-3532 CW, 2012 WL 1215243, at *7 (N.D. Cal. Apr. 11, 2012) (looking at "ideal" packaging claim in context with other claims, as a whole); *K & N Eng'g, Inc. v. Spectre Performance*, EDCV 09-01900-VAP, 2011 WL 4387094, at *15 (C.D. Cal. Sept. 20, 2011) (same).

1  generalized rather than specific, and so outrageous or exaggerated that no consumer
2  could assert they reasonably relied on it.  *Cook, Perkiss & Liehe, Inc.*, 911 F.2d at 246;
3  *Williams*, 523 F.3d at 939, n.3.   A statement is mere puffery where it is "extremely
4  unlikely to induce consumer reliance." *Newcal Indus. v. Ikon Office Solution*, 513 F.3d
5  1038, 1053 (9th Cir. 2008) (emphasis added).   A claim of product superiority might
6  constitute nonactionable puffery if it is "vague or highly subjective," but "misdescriptions
7  of specific or absolute characteristics of a product are actionable." *Southland Sod Farms*,
8  108 F.3d at 1145 (citations omitted).   Even if a word, by itself, might be considered
9  puffery, the relevant inquiry is whether it contributes to the deceptive marketing message
10 as a whole.  *See In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1115-1116 (S.D. Cal. 2011);
11 *see also Am. Home Prods. Corp. v. F.T.C.*, 695 F.2d 681, 687 (3d Cir. 1982) ("The
12 impression created by the advertising, not its literal truth or falsity, is the desideratum.").

13       Here, Defendants' challenged advertising is based on specific absolute
14 characteristics of the Product that are both objective and verifiable when construed as a
15 whole.  For example, objective empirical criteria can be used to confirm whether RHW
16 is, in fact, a "Sexual Performance Enhancer for Men" that provides "Fast" and
17 "Effective" "RockHard Results" for consumers.   ¶¶ 33, 37-38.  In addition, Defendants
18 represent to the public other absolute characteristics of RHW, i.e., that it is a legal dietary
19 supplement for "sexual performance enhance[ment]," but this and related sales claims are
20 "misdescriptions" of the Product because the Product may not be sold for that intended
21 use.  *Southland Sod Farms*, 108 F.3d at 1145; 21 C.F.R. § 310.528 (stating that labeling
22 claims for aphrodisiacs for OTC use are either false, misleading, or unsupported by
23 scientific data); ¶¶ 43-47.  In a case directly on point to this one, factually, the Southern
24 District of California found that the Product name, "Cobra Sexual Energy," and labeling
25 claim, "'aphrodisiac' plants to **enhance** . . . sexual energy," among others, were not
26 puffery.  *See Peviani v. Natural Balance, Inc.*, 774 F. Supp. 2d 1066, 1072 (S.D. Cal.

11

*Dorsey v. RockHard Laboratories, LLC*, Case No:  2:13-cv-07557-DDP (RZx)
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

2011) (emphasis added).  The Court here should similarly deny Defendants' Motion on

the puffery defense.[6]

None of Defendants' case law holds otherwise, but deals instead with clearly

untenable consumer allegations where any consumer's reliance on particular product

statements was unreasonable.[7]  "Sexual performance enhancer" and guarantees of "fast,"

---

[6] Indeed, much less specific representations reflecting cause and effect are actionable. *See Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 501-02 (5th Cir. 2000) ("Better Pizza" actionable because tied to "Better Ingredients").  *See also Autodesk, Inc. v. Dassault Sys. Solidworks Corp.*, 685 F. Supp. 2d 1001, 1017-18 (N.D. Cal. 2009) (phrase, "work easily," while subjective and not measurable in isolation, when viewed in context—that defendant's computer program can work easily with any version of software—is not puffery); *Dyson, Inc. v. Oreck Corp.*, No. 07-9633, 2009 U.S. Dist. LEXIS 19097, *20-*21 (E.D. La. Mar. 4, 2009) ("while the word 'bulky' may be puffery standing alone ... [i]n context the claim is that the Dyson, in contrast to the slimmer Oreck, is too large (i.e., bulky) to clean under furniture of a certain height"); *Clorox Co. P.R. v. P&G*, 228 F.3d 24, 38-39 (1st Cir. 2000) (a campaign tag line of "Whiter is not possible," in context, is not puffing); *Castrol, Inc. v. Pennzoil Co.*, 987 F.2d 939, 945-46 (3d Cir. 1993) (Pennzoil's claim of "better engine protection" was not puffery because it involves "more than a mere generality").  Here, RHW advertises itself as having scientifically-chosen herbs to enhance a male erection.  *See* SAC, Ex. A.  Therefore, its advertising is capable, like these cases, of objective verification.

[7] For example, *Haskell v. Time, Inc.*, 857 F. Supp. 1392, 1399-1400 (E.D. Cal. 1994) involved sweepstakes advertising that no person would take as meaning one did not have to enter the sweepstakes to win.  Similarly, *Fisher v. Monster Beverage Corp.*, EDCV 12-02188-VAP, 2013 WL 4804385, at * 12-13 (C.D. Cal. July 9, 2013), only challenged puffery in the context of express warranty and <u>not</u> the CLRA, UCL or FAL.  *See also Baltazar v. Apple, Inc.*, CV-10-3231-JF, 2011 WL 3795013 at * 4 (N.D. Cal. Aug. 26, 2011) (statement that iPad can be used "just like a book" is puffery); *Cook, Perkiss & Liehe, Inc.*, 911 F.2d at   246 ("Here, the implication of the advertisement is an exaggerated claim that defendants' costs are lower than any competing attorney's. It is beyond the realm of reason . . . ."); *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Tel. Litig.*, 758 F. Supp. 2d 1077, 1089 (S.D. Cal. 2010) (television's "high" or "superior" quality could not be likely to deceive a reasonable consumer because plaintiffs alleged TVs stopped rendering quality image only <u>after</u> expiration of the warranty period); *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1361 (2003) ("Crystal clear" and "CD quality" were non-actionable because they

---

*Dorsey v. RockHard Laboratories, LLC*, Case No:  2:13-cv-07557-DDP (RZx)

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1    "effective" "results" are not the same as the "perfect" claims in the cases Defendants cite.

2    Instead, in a case directly on-point, similar claims were found to be non-actionable

3    puffery. *Peviani*, 774 F. Supp. 2d at 1072.  The Court should follow *Peviani*'s sound

4    reasoning. *Id.* ("[T]he Court concludes that is not the 'rare situation' where the issue

5    should be decided on a motion to dismiss, and the Court declines to dismiss these

6    statements as puffery. . . . while the other statements relied on by Plaintiff standing on

7    their own may constitute puffery, those statements contribute 'to the deceptive context of

8    the packaging as a whole.' . . . Given their context, the Court declines to dismiss these

9    statements as well.") (citing *Williams*, 552 F.3d at 939–40, n.3).

10   **D.    The Phrase "All-Natural" is Actionable**

11          Claims under the UCL, FAL and CLRA are governed by the "reasonable

12   consumer" test.  *Williams*, 552 F.3d at 938 (internal quotations and citations omitted).

13   Under the reasonable consumer standard, a plaintiff must "show that members of the

14   public are likely to be deceived." *Id.*  "The California Supreme Court has recognized that

15   these laws prohibit not only advertising which is false, but also advertising which,

16   although true, is either actually misleading or which has a capacity, likelihood or

17   tendency to deceive or confuse the public. *Id.*  "It is true that 'the primary evidence in a

18   false advertising case is the advertising itself.'"  *Id.* at 939-939 (citing *Brockey v. Moore*,

19   107 Cal. App. 4th 86, 100 (2003)). "California courts, however, have recognized that

20   whether a business practice is deceptive will usually be a question of fact not appropriate

21   for decision on demurrer."  *Id.* (citing *Linear Tech. Corp. v. Applied Materials, Inc.*, 152

22   Cal. App. 4th 115, 134–35 (2007) ("Whether a practice is deceptive, fraudulent, or unfair

23

24   could not be reasonably understood as promise of perfection); *Stearns v. Select Comfort*
     *Retail Corp.*, 08-2746 JF, 2009 WL 1635931, at *11 (N.D. Cal. June 5, 2009) ("perfect

25   night's sleep" amounts to non-actionable puffery because "[n]o reasonable consumer

26   would believe that a Sleep Number® bed miraculously would deliver the elusive 'perfect

27   night's sleep.'"); *Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992, 999 (N.D. Cal. 2007)

28   ("'high quality' and 'reliable' service'. . . are non-actionable puffery that would not be
     likely to mislead a reasonable consumer.").

is generally   a question of fact which requires 'consideration and weighing of evidence from both sides' and which usually cannot be made on demurrer.") (internal quotations omitted)).   Dismissal is only appropriate in rare cases where the accused label itself makes it impossible for the plaintiff to prove that a reasonable consumer is likely to be deceived.  *Gitson v. Trader Joe's Co.*, 13-CV-01333-WHO, 2013 WL 5513711, at * 7 (N.D. Cal. Oct. 4, 2013) (citing *Williams*, 552 F. 3d at 939).

Defendants claim the phrase "all-natural" cannot be deceptive to a reasonable consumer.  Mot. at 13:4-8.  In support of this proposition, Defendants heavily rely on *Pelayo v. Nestle USA*, 989 F. Supp. 2d 973 (C.D. Cal. 2013).  But Defendants' reliance is misplaced because *Pelayo* held that no reasonable consumer would rely on the phrase "all natural" within the context of the specific product label at issue, not that the phrase "all natural" was never actionable.  *See Pelayo*, 989 F. Supp. 2d at 978-79 (Plaintiff could not state a claim under the CLRA or UCL regarding Defendants' "All Natural" labeling of Buitoni Pastas because she failed to offer an objective or plausible definition of the phrase "All Natural," and finding use of "All Natural" is not deceptive in context of mass produced pasta products).[8]  Aside from a blanket referral to this authority, Defendants point to no evidence that indicates it will be impossible for Plaintiff to prove a reasonable consumer would likely be deceived by RHW's "All Natural" representations, whereas Plaintiff points out several reasons why the claim is false or deceptive.  ¶¶ 35-36.

Further, Defendants' argument that RHW's "detailed" ingredient list would resolve ambiguities regarding the Product's purportedly "All Natural" ingredients is contrary to law and without merit.  Mot. at 13:13-15.  Reasonable consumers are not expected to look beyond misleading representations on the front of the box to discover the truth from

---

[8] The court in *Hairston v. S. Beach Beverage Co., Inc.*, CV 12-1429-JFW DTBX, 2012 WL 1893818, at *3-4 (C.D. Cal. May 18, 2012), reached a similar conclusion, holding that while plaintiff's "all natural" claim was actionable, federal law preempted use of fruit names to describe beverages, as well as "all natural" labeling because of products' FDA-compliant use of fruit names.  Here, Plaintiff claims RHW is <u>not</u> FDA compliant. ¶¶ 43-47.

*Dorsey v. RockHard Laboratories, LLC*, Case No:  2:13-cv-07557-DDP (RZx)
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1  the ingredient list in small print on the side of the box.  *Williams*, 552 F.3d at 939.  Nor is

2  it permissible for manufacturers to make misleading label statements, then rely on the

3  ingredient list to correct those misinterpretations and provide a shield for liability for the

4  deception.  *Id.*

5          The lower Circuit authority Defendants cite do nothing to bolster their contention.

6  In *Rooney v. Cumberland Packing Corp.*, 12-CV-0033-H DHB, 2012 WL 1512106, at *4

7  (S.D. Cal. Apr. 16, 2012), the plaintiff "allege[d] that the use of the phrase 'in the raw'

8  misled her . . . into believing the product was . . . unprocessed, and unrefined."  But sugar

9  has to be processed to be produced, and thus Rooney's interpretation was unreasonable.

10  *Id.*  Further, Defendants do not allege how any of the labeling claims here are similar to

11  "in the raw."  *Id.  Morgan v. Wallaby Yogurt Co., Inc.*, 13-CV-00296-WHO, 2013 WL

12  5514563, at *8 (N.D. Cal. Oct. 4, 2013) is not even about puffery.  And, there were no

13  front-of-pack claims about the level of sugar in the product; instead, the amount and type

14  of sugar was only listed in the ingredient list.  *Id.* (finding that *Williams*, 552 F.3d at 939,

15  was not implicated because "the 'truth' [about the amount of sugar] is literally next to the

16  allegedly misleading representation in the same print size").  *Gitson*, 2013 WL 5513711,

17  at *7, was also not a puffery case, and the court found it was unreasonable to allege any

18  consumer would believe soy milk was cow's milk or had the same qualities as cow's

19  milk.  These cases bear no factual similarity to the front-of-pack claims at issue here.

20          *Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 892, 894, 896-897 (C.D.

21  Cal. 2013) concerned preemption for fruit flavors in drinks, which is not at issue here;

22  and the court found "all natural" could not be the basis of warranty claims because

23  "Viggiano does not identify any artificial flavor in the drink."  But, Plaintiff here asserts

24  what is non-natural about RHW, ¶¶ 35-36, and carefully did not include "all natural" for

25  his MMWA claims, ¶ 161.  The court in *Kane*, 2013 WL 5289253, at *2, 10, did not

26  dismiss the "all natural" claims as being non-actionable puffery; it dismissed because the

27  only basis for the claims was fruit coloring in yogurt, but this was disclosed on the

28

1  packaging; fruit coloring is allowed by the FDCA; and the plaintiff failed to plead

2  reliance.  This case, too, is wholly inapposite to the circumstances here.  *See* ¶¶ 35-36, 55.

3  **E.      The Complaint Alleges False Advertising, Not Lack of Substantiation**

4          Defendants claim this case is about lack of substantiation, conveniently miscasting

5  Plaintiff's claims as something they are not.  <u>First</u>, it is Defendants, not Plaintiff, who

6  make the establishment and endorsement claims that RHW is "Doctor Tested" and

7  "Doctor Approved."  *See* ¶¶ 22, 26, 34, 39-42 & Ex. A.  The SAC challenges the veracity

8  of Defendants' establishment and endorsement claims, which is permissible.  *See id*.;

9  *Rikos v. Proctor & Gamble Co*., 782 F. Supp. 2d 522, 527, 529 (S.D. Ohio 2011)

10 (applying California law, and finding where defendant advertised its products as

11 "clinically proven," the complaint did not allege "lack of substantiation" but was brought

12 on grounds of actual falsity or deception as to this representation); *Hansen Beverage Co.*

13 *v. Vital Pharm., Inc.*, No. 08–CV–1545–IEG (POR), 2010 WL 1734960, at *4 (S.D. Cal.

14 Apr. 27, 2010) (providing overview of establishment claims and listing cases); *F.T.C. v.*

15 *Direct Mktg. Concepts, Inc.*, 569 F. Supp. 2d 285, 298-299 (D. Mass. 2008); *Rexall*

16 *Sundown, Inc. v. Perrigo Co.*, 651 F.Supp.2d 9, 35 (E.D.N.Y. 2009).  If Defendants'

17 endorsement and establishment claims are untrue, then Plaintiff may prove these

18 statements are actually false.  *See Rikos*, 782 F. Supp. 2d at 527, 529.  Thus, Defendants'

19 categorization of these allegations as "substantiation" claims is misguided.

20          <u>Second</u>, the SAC alleges false and deceptive advertising under the UCL, FAL and

21 CLRA.  *See, e.g.*, ¶¶ 113-142.  Even if the SAC could be inferred as solely consisting of a

22 lack of substantiation claim, which it does not, Defendants exaggerate the case law on

23 this issue.  Lack of substantiation is a cognizable theory of relief under California law

24 that requires the plaintiff to prove actual falsity of the advertising.  *See Nat'l Council*

25 *Against Health Fraud, Inc. v. King Bio Pharm., Inc*., 107 Cal. App. 4th 1336, 1344

26 (2003).  Contrary to Defendants' contention, *National Council* did not hold that lack of

27 substantiation is not a valid theory of relief.  Rather, *National Council* held the burden of

28 proof does not shift to defendant when private plaintiffs sue solely on the grounds that a

manufacturer lacks substantiation for its advertising claims. *Id*. This interpretation is evidenced by the fact that plaintiffs in *National Council* went to trial and, at trial, plaintiff presented no evidence of actual falsity and lost on a directed verdict. *See id*. at 1347.

The SAC alleges RHW's "Doctor Tested; Doctor Approved" claims are "false and deceptive because a reasonable consumer is likely to believe the Product is used, endorsed, or recommended by doctors practicing medicine in clinical settings, which promotes consumer confusion and lends unwarranted legitimacy to the Product . . . [and] Defendants have not and cannot cite any research studies or unsolicited endorsements of RHW by medical doctors[.] [N]or is RHW used in clinical settings for the treatment of male impotence or any other condition." ¶¶ 39-42.[9] At trial, Plaintiff can prove RHW's advertising is false by scientific literature, FDA and FTC standards, and expert testimony, which is permissible. *See Nat'l Council*, 107 Cal. App. 4th at 1347 (noting falsity can be "established by testing, scientific literature, or anecdotal evidence").

**F.   The SAC Alleges Defendants Engaged in Unfair Conduct**

"The California Supreme Court has not established a definitive test to determine whether a business practice is 'unfair' in consumer cases. *Bias v. Wells Fargo & Co*., 942 F. Supp. 2d 915, 933 (N.D. Cal. 2013) (citing *Davis v. Ford Motor Credit Co*., 179 Cal. App. 4th 581, 594–98 (2009) and *Harmon v. Hilton Group*, No. C–11–03677 JCS, 2011 WL 5914004, at *8 (N.D. Cal. Nov. 28, 2011)); *see also Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012) ("The UCL does not define the term 'unfair]. . . [and] proper definition of 'unfair' conduct against consumers 'is currently

---

[9] Defendants claim the SAC contradicts itself on these allegations by naming Dr. John R. Miklos as a defendant, but the parties stipulated to Dr. Miklos' dismissal. Dkt. # 33. The fact that an owner of the company may have lent his own credentials to the Product does not mean the claims are not false or misleading. Discovery has not yet opened but the relevant FTC standard requires disclosure if the endorser, if it is Miklos, has a connection to the product. *See* www.ftc.gov/news-events/media-resources/truth-advertising/advertisement-endorsements ("The Endorsement Guides also state that if there is a connection between the endorser and the marketer of a product that would affect how people evaluate the endorsement, it should be disclosed.").

17

in flux' among California courts.") (internal citations omitted). "Three tests for unfairness exist in the consumer context." *Id.* "Under the first test, a business practice is unfair where the practice implicates a public policy that is 'tethered to specific constitutional, statutory, or regulatory provisions.'" *Id.* (citing *Harmon*, 2011 WL 5914004, at *8). "The second test 'determine[s] whether the alleged business practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers and requires the court to weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim.'" *Id.* (citing *Harmon*, 2011 WL 5914004, at *8). "Under the third test, 'unfair' conduct requires that: '(1) the consumer injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have avoided.'" *Id.* (citing *Harmon*, 2011 WL 5914004, at *8) (internal citations omitted). "Regardless of which prong is at issue, "[w]hether a business act or practice constitutes unfair competition with Section 17200 is a question of fact." *Nat'l Rural Telecomm. Co-op. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1059, 1074 (C.D. Cal. 2003) (internal citations omitted).

Here, the SAC alleges sufficient facts that show Defendants' conduct plausibly violates the UCL's "unfair" prong. <u>First</u>, Plaintiff alleges Defendants' advertising, promotion and sale of RHW is against public policy by violating federal and state law (21 U.S.C. § 352; 21 C.F.R. § 310.528; Cal. Health & Safety Code §§ 110100, 110105, 110110, 110111) because the Product is an unlawful over-the-counter aphrodisiac, as evidenced by the claims on its packaging and labeling. ¶¶43-61. <u>Second</u>, the utility of the defendant's conduct is nil because the FDA has stated over-the-counter aphrodisiacs are ineffective and unsafe for consumer use, and this conduct cannot possibly outweigh the gravity of harm to consumers because Defendants are continuing to sell an illegally marketed good that is uneffective and unsafe. *See* 21 C.F.R. § 310.528; ¶ 47. <u>Third</u>, Defendants' marketing, promotion and sale of RHW as an unlawful aphrodisiac is substantially injurious to Plaintiff and the Class because, if left uncorrected, Plaintiff and

18

*Dorsey v. RockHard Laboratories, LLC*, Case No: 2:13-cv-07557-DDP (RZx)
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

consumers will continue to be exposed to the Product's false, deceptive and unlawful advertising claims every time they visit retail stores, thus negating any countervailing benefits from Defendants' conduct.  ¶ 64.  Moreover, Plaintiff and the Class could not have avoided purchasing an illegally marketed Product because of the misrepresentations contained on RHW's packaging and labeling, which Defendants were under a duty to disclose and failed to do so.  ¶¶ 58-68.  Accordingly, the SAC contains sufficient facts to support the "unfairness" of Defendants' conduct under the UCL.

## G.     The Cited FDCA Regulations Apply to RHW

Defendants contend RHW is not a "drug" within the meaning of the FDCA because "[n]one of the statements on [RHW's] packaging suggest that the product will diagnose, cure, mitigate, treat, or prevent a disease."  Mot. at 16:20-25.  But what the Product's packaging suggests is a question of fact under a reasonable consumer standard that cannot be resolved here.  The SAC alleges RHW's labeling claims and packaging graphics evidence Defendants' intended use of the Product as an aphrodisiac.  ¶ 43.  Specifically, Defendants market RHW as a "Sexual Performance Enhancer for Men," which portrays the message that RHW will arouse or increase consumers' sexual desire and/or improve their sexual performance if taken as directed.  ¶ 43.

The regulatory classification of a product under the FDCA is determined by its intended use, as demonstrated by, among other things, its labeling and advertising, the circumstances of its marketing, sale and use, and the manufacturer's knowledge that a product is being used for a purpose for which it is neither labeled nor advertised.  21 C.F.R. § 201.128.  Further, under 21 C.F.R. § 310.528, any OTC good that is labeled, represented, or promoted for use as an aphrodisiac, like RHW, is regarded as a "new drug" within the meaning of section 201(p) of the FDCA (located at 21 U.S.C. § 355(p)).  ¶ 44.  The FDCA requires any new drug to have an application approved by the FDA before the drug can be marketed to the public, and that the drug's label be approved by the FDA prior to marketing or selling it to the public.  *See generally*, *id.*; 21 U.S.C. §§ 355(a), (b), (j); *see also* ¶ 45.  RHW violates the FDCA because the adequacy of the

19

*Dorsey v. RockHard Laboratories, LLC*, Case No:  2:13-cv-07557-DDP (RZx)
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

labeled directions for its "aphrodisiac" uses has not been approved by the FDA prior to RHW being marketed to the public.  *See* 21 U.S.C. § 355(a); ¶ 46.  Accordingly, the Product is misbranded.  *Id.*

Further, as to all of the ingredients in any iteration of RHW, there is a lack of adequate data to establish general recognition of the safety and effectiveness of any of these ingredients, or any other ingredient, for OTC use as an aphrodisiac.  21 C.F.R. § 310.528; *see also* ¶ 47.  Labeling claims for aphrodisiacs for OTC use are either false, misleading, or unsupported by scientific data.  *Id.*  Thus, based on the evidence currently available, any OTC drug product containing ingredients for use as an aphrodisiac, including RHW, cannot be generally recognized as safe and effective.  *See id.*

Defendants' argument that 21 C.F.R. § 310.528 precludes aphrodisiac labeling claims for dietary supplements is misguided (Mot. at 16:20-25), as it completely ignores the fact that the Product's labeling and advertising, as well as the circumstances of its marketing and sale, evidence its intended use as an aphrodisiac, which is prohibited, no matter what form the good takes.  *See* 21 C.F.R. § 201.128 (intended use derives from package claims).  Indeed, Defendants actually admit in their moving papers that "some of the claims on the Rockhard package may suggest that the [P]roduct will increase sexual vigor and performance" (Mot. at 16:23-24), which shows their knowledge of the Product's intended use as an aphrodisiac.

And, false or misleading labeling claims are prohibited under the FDCA for diet supplements.  21 U.S.C. § 343(r)(6)(B)).  So, even if RHW were a dietary supplement, its labeling claims may not be "false or misleading," which would cause it to be misbranded.  *Id.*  Thus, a jury could find that Defendants promote RHW for conditions that cause the Product to be misbranded, which is the same as being an unlawful new drug under the FDCA.  *See id.*; ¶¶ 32-70.

**H.   Plaintiff's Express and Implied Warranty Claims are Adequately Pleaded**

Defendant challenges Plaintiff's breach of express warranty claims on puffery grounds, which, as discussed *supra*, are inapplicable to the labeling claims at issue in this

20

litigation.  Defendants further allege Plaintiff failed to give them timely notice of their breach of express and implied warranties because Plaintiff purchased the Product in 2011 and did not notify Defendants of the alleged breach until 2013.  Mot. at 18:14-17. Defendants' argument, however, is without merit because the statutory notice requirement for breach of warranty "is excused as to a manufacturer with which the purchaser did not deal."  *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices & Prods. Liab. Litig.*, 754 F. Supp. 2d 1145, 1180 (C.D. Cal. 2010) (citing *Greenman v. Yuba Power Prods.*, 59 Cal. 2d 57, 61 (1963)).  The principle enunciated by the California Supreme Court in *Greenman* has been recently applied by federal district courts.  *See, e.g., id.*; *Aaronson v. Vital Pharms., Inc.*, 09-CV-1333 W (CAB), 2010 WL 625337, at *5 (S.D. Cal. Feb. 17, 2010) (denying motion to dismiss for failure to give Cal. Com. Code § 2607(3)(A) notice).

Because Plaintiff's warranty claims are grounded in California state law (*see* ¶¶ 143-153), Plaintiff was not required to notify Defendants before filing suit because Plaintiff did not deal directly with Defendants in purchasing the Product.  Rather, Plaintiff purchased the Product at B&B Liquor, in Los Angeles, California during the Class Period.  *See* ¶ 25.  As such, the contention that Plaintiff's breach of warranty notice was deficient is unsound.  Even if the foregoing were not true, Plaintiff sent a CLRA warning letter to Defendants on August 21, 2013, before this action commenced.  SAC, Ex. E at p. 13.  Thus Plaintiff has satisfied any requisite notice requirements because any additional notice may be satisfied after filing of the SAC and does not warrant dismissal. *See In re Toyota*, 754 F. Supp. 2d at 1180 ("post-filing notice [is acceptable for state warranty claims] if notice is otherwise [given] within a reasonable time, and Plaintiffs are granted leave to amend to allege such notice"); *Keegan v. Am. Honda Motor Co.*, 838 F. Supp. 2d 929, 950-51 (C.D. Cal. 2012).

## I.   Plaintiff Adequately Pleaded his MMWA Claim

The MMWA regulates warranties on consumer goods and directly applies to "a written affirmation which relates to the nature of the material or workmanship and

affirms or promises that such material or workmanship is defect free or will meet a specific level of performance over a specific period of time." *Allen v. Hyland's Inc*., CV 12-01150 DMG MANX, 2013 WL 1748408, at *4 (C.D. Cal. Apr. 11, 2013) (citing 15 U.S.C. §§ 2302(a), 2301(6)(A)) (internal quotations and citations omitted).  Statements regarding a product's effectiveness constitute actionable warranty claims under the MMWA.  *See id*. at *6 ("The promise here is not that the product will be completely effective for everyone, but that it will be at least somewhat effective for some people . . . [because] there is only one reason to purchase the homeopathic drug Products manufactured by Defendants, and that is for the effectiveness of the remedies.").

The SAC alleges numerous efficacy claims for RHW, including, *inter alia*: "Fast & Effective," "RockHard Results," "Doctor Tested," "Doctor Approved," "Sexual Performance Enhancer for Men," "Sexual Performance Pill for Men" and "The 72 Hour Sexual Performance Pill for Men."  ¶¶ 26, 33, 34-42 & Ex. A.  All of these statements lend themselves to the purported effectiveness of RHW, which Plaintiff alleges does not work because "[n]one of the ingredients in any iteration of RHW . . . will enhance male sexual performance."  ¶¶ 31, 37, 38, 41.  Thus, Plaintiff has sufficiently pleaded warranties in support of his MMWA claim.

Further, the SAC also "assert[s] state law warranty claims arising under the laws of the state of California, as allowed under the . . . MMWA." ¶ 156; 15 U.S.C. § 2310(d)(1). A MMWA claim based upon borrowed state law claims is separate from a claim that originates under the MMWA.  *Clemens v. DaimlerChrysler Corp*., 534 F.3d 1017, 1022 n. 3 (9th Cir. 2008).  Defendants' moving papers raise no argument regarding Plaintiff's state law warranty claims, other than purported lack of notice, which is addressed *supra*. Accordingly, Defendants have asserted no grounds to warrant dismissal of Plaintiff's MMWA claims, under state law or independently under the MMWA.

**J.     Allegations in the SAC Should Not be Stricken**

The court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The grounds for a

22

*Dorsey v. RockHard Laboratories, LLC*, Case No:  2:13-cv-07557-DDP (RZx)
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

motion to strike must appear on the face of the complaint or from matter which the court may judicially notice. *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1139 (N.D. Cal. 2010) (citing *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) and *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal.2000)) (internal citations omitted). "The central function of a Rule 12(f) motion is 'to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Id.* (internal citations omitted). "As with motions to dismiss, when ruling on a motion to strike, the Court takes the plaintiff's allegations as true and must liberally construe the complaint in the light most favorable to the plaintiff." *Id.* at 1140.

Defendants raise no spurious, "redundant, immaterial, impertinent, or scandalous matter" in the SAC. Fed. R. Civ. P. 12(f). And, for the reasons discussed *supra*, the Court should not strike allegations regarding (i) iterations of RHW Plaintiff did not purchase, which is a class issue; (ii) statements Defendants contend are non-actionable puffery, such as "all natural;" (iii) claims regarding the veracity of Defendants' establishment and endorsement representations; or (iv) allegations that RHW is an unlawful aphrodisiac, because all of these, when taken as true, do not violate Rule 12(f).

Defendants also urge this Court to strike the SAC's Class definition to the extent it incorporates purchasers from states with laws similar to California. Mot. at 22:6-17. Whether a Court may apply state laws similar to California's to the class, however, involves a detailed choice of law analysis, raised in a class certification motion. *See, e.g.*, *Mazza*, 666 F.3d at 589. But, "[a]t this stage of the instant litigation, a detailed choice-of-law analysis would be inappropriate. Since the parties have yet to develop a factual record, it is unclear whether applying different state consumer protection statutes could have a material impact on the viability of Plaintiffs' claims." *In re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224, 1237 (N.D. Cal. 2012); *see also Won Kyung Hwang v. Ohso Clean, Inc.*, C-12-06355 JCS, 2013 WL 1632697, at * 21 (N.D. Cal. Apr. 16, 2013) (same); *Werdebaugh v. Blue Diamond Growers*, 12-CV-02724-LHK, 2013 WL 5487236, *16 (N.D. Cal. Oct. 2, 2013) ("Here, the Court finds that striking the nationwide class

23

*Dorsey v. RockHard Laboratories, LLC*, Case No: 2:13-cv-07557-DDP (RZx)
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

allegations at this stage of this case would be premature."); *Clancy v. The Bromley Tea Co.*, 12-CV-03003-JST, 2013 WL 4081632, *7 (N.D. Cal. Aug. 9, 2013) (same); *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 923 (N.D. Cal. 2012) (same); *In re iPhone 4S Consumer Litig.*, C 12-1127 CW, 2013 WL 3829653, *8 (N.D. Cal. July 23, 2013) (same).[10]

## K.   Plaintiff is Not Required to Provide a More Definite Statement

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement if a pleading is so vague and ambiguous that a party cannot reasonably be required to frame a response.   Fed. R. Civ. P. 12(e).   "A motion for more definite statement pursuant to Rule 12(e) attacks the unintelligibility of the complaint, not simply the mere lack of detail, and therefore, a court will deny the motion where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted." *Beery v. Hitachi Home Elecs. (Am.), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993) (citing *FRA S.p.A v. Surg–O–Flex of Am.*, 415 F. Supp. 421, 427 (S.D.N.Y. 1976)).   "If the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied." *Id.* (citing *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981)).

Here, the SAC defines the Class as "[a]ll purchasers of the RockHard Weekend Product, in all iterations/variations, sizes and formulas, for personal or household use and not for resale, in California and other states with laws similar to California from August 21, 2009 to the present.   ¶ 105.   These allegations, although they may lack detail on

---

[10] The only authority Defendants cite from this Circuit does nothing to undermine this point. *See Kamm v. Sugasawara*, 509 F.2d 205 (9th Cir. 1975) (dismissal of class action appropriate at motion to dismiss phase when plaintiffs' claims were previously adjudicated in prior class action lawsuit). *See also Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180 (9th Cir. 2001) (affirming denial of class certification after certification motion); *McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68 (2010) (applying government interest test in summary judgment motion); *Edgar v. MITE Corp.*, 457 U.S. 624 (1982) (not a class action).

which states have laws similar to California, are not unintelligible.  *See Beery*, 157 F.R.D. at 480.  Any additional information regarding the scope of the class will be obtained through the discovery process.  *See id.*  None of Defendants' authority holds that a class definition, in the absence of class certification brief, may be subject to the Rule 12(e) standard.  *See* Mot. 23:7-14.  As such, Defendants' request for a more definite statement should be denied.

## L.    Leave to Amend Should be Permitted

If a complaint is dismissed, or allegations stricken, leave to amend should be freely granted because the policy of testing claims on the merits "should be applied with "extreme liberality."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *Stearns*, 763 F. Supp. 2d at 1140.  "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear ... that the complaint could not be saved by amendment."  *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  For the reasons discussed *supra*, Defendants have articulated no legally cognizable grounds that warrant this Court's denial of leave to amend.  As such, this Court should respectfully grant Plaintiff's leave to amend the SAC, if necessary.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court deny Defendants' Motion in its entirety, or, if necessary, grant leave to amend.

Dated:  August 18, 2013          */s/ Ronald A. Marron*
                                 By: Ronald A. Marron
                                 **LAW OFFICES OF RONALD A. MARRON**
                                 RONALD A. MARRON
                                 SKYE RESENDES
                                 ALEXIS WOOD
                                 651 Arroyo Drive
                                 San Diego, California 92103
                                 Telephone: (619) 696-9006
                                 Facsimile: (619) 564-6665

*Dorsey v. RockHard Laboratories, LLC*, Case No:  2:13-cv-07557-DDP (RZx)
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS